# Supplement.

## Abstracts of Decisions of the Supreme Court rendered at the July Term, 1871.

### CLARK vs. BABCOCK.

Construction of contract. Question of damages.

Error to Bay Circuit.

*Opinion by* CAMPBELL, Ch. J.—Babcock sued Clark, his lessee for rent. The defense set up by way of recoupment was under a claim for damages, partly for delay in getting the property in condition for profitable use and partly for expenses in repairs. The lease running for one year from February 1, 1869, demised a steam saw-mill and salt works and its lands, with a reservation of certain houses and premises not used for business. On notice to be given before October 1, 1869, (which was given,) the lease was to be extended two years more, but subject to be defeated by the lessor upon notice and payment of certain sums named. The lease was renewed without countermand, the rent being $10,000 a year. The sum of $1,000 was to be paid to the lessor for repairs to be made by him, $1,000 for insurance, and the balance as specifically provided. The lessor agreed to put the salt works in complete running order by March 15, and to put the mill in complete and good running order by April 15. In case the mill and salt works were not put in order, as provided for, then the lessee was to have the right to complete the necessary repairs and deduct the sums expended from the first payments. If Mr. Bennett was employed as the engineer, the consequences of any negligence on his part were to be borne by the lessor, and if through his carelessness the mill con-

CLARK vs. BABCOCK.

tinued idle for a time, a deduction was to be made from the rent to make the lessee good. The year was to be considered the sawing season of six months. The destruction of the mill by fire was to terminate the lease, and *pro rata* allowance was to be made in case of partial destruction by fire.

The lessor did not make the necessary repairs, and the lessee took possession and made them himself. The salt works were put in order by April 10, but the supply of brine being unsatisfactory, some work was done on the well afterwards, and the mill was got in order by May 11.

The Court below excluded all evidence of damages dependent on the preliminary delay in getting the property in running condition, and confined them (beyond the expenditure for repairs) to such as might arise out of the deficiency in the well. The ground was that the lease did not contemplate any redress for such preliminary failure beyond the right of the lessee to step in after March 15 and April 15 respectively and complete the work at the lessor's expense, to be applied as rent.

*Held,* That this ruling was correct. The parties must have had this very question before them, and yet fixed no rule of damages.— They probably would, had they contemplated that any special damage would be allowed. The mill was the principal thing and the salt works the accessory, and the provisions relating to the mill were especially regarded.

The other question related to the condition of the salt works and the losses supposed to have occurred through its defects. The claim was two-fold : one, that the lessor was bound to furnish a well capable of supplying sufficient water in quantity and quality for the profitable use of the works ; second, that he was liable for having actually rendered the well less productive than it would have been without his work.

*Held,* That there was no foundation for the point, as the well was known to both parties at the time of the lease and it was leased with an equal understanding of the facts. No covenant seems to have entered into the matter. The Court examined the facts developed by the record concerning the second point, and concluded that they would not sustain the position taken.

The judgment was therefore affirmed with costs.