CAROLINE N. WHITE v. CANTON SMITH AND MARTIN B. SMITH.

*Estoppel in pais—Dedication and Acceptance of Lands.*

When premises conveyed are described as fronting a certain number of feet on a specified street, the grantor and all who claim under him are estopped from afterwards asserting that the street referred to did not extend in front of the premises.

A bill in equity alleged that the defendant had platted certain disputed premises, and had caused the plat to be acknowledged and recorded according to the statute. The answer admitted the ownership of the land and the platting and recording as alleged. *Held* that the charge and admission amount to a full recognition of the validity of the plat and record.

A grantor is concluded by the terms of his deed, whether he understands them or not.

Acceptance of a dedication of land must be made within a reasonable time.

An offer of dedication to the public continues so long as no steps towards withdrawing it are taken by the owner of the premises or those claiming through him.

The sale of lands by duly acknowledged deeds referring to a plat duly recorded by the grantor, is a recognition of the validity of the plat even if that had not been duly acknowledged. (Comp. L., § 1358).

The owner of certain lands caused them to be platted as an addition to the village of Grand Rapids, and had the plat recorded in 1849. A space at the intersection of two streets meeting at an acute angle was marked on the plat "common." In 1862 the common council of Grand Rapids adopted a resolution declaring that they found that this strip had been dedicated and belonged to the public, and directing the city marshal to take and hold it, cause it to be surveyed and staked out as the property of the city, and protect the rights of the city in it. Some years later the space was fenced in and slight improvements were made on it by the marshal's directions for the benefit of the city, no objections being made by the original owner till a year afterwards. *Held* that the resolution of 1862 and the acts done under it constituted a sufficient acceptance on the part of the city, and that the subsequent acts of the original owner in trying to resume possession were unlawful.

Appeal from Kent.    Submitted June 20.    Decided Oct. 9.

INJUNCTION against building on disputed territory. The facts are in the opinion.

*Champlin & More* (on briefs) for complainant and appellee. A grantor is bound by the description in his deed. *Parker v. Smith*, 17 Mass., 414; *Parker v. Framingham*, 8 Met., 267-8; *Smith v. Lock*, 18 Mich., 56; *Sinclair v. Comstock*, Har. Ch., 404; *Litchfield v. Wilmot*, 2 Root, 288; *Haynes v. Thomas*, 7 Ind., 38; *Mayor, etc., of Macon, v. Franklin*, 12 Ga., 239; *Hawley v. Baltimore*, 33 Md., 270; *Hannibal v. Draper*, 15 Mo., 634; *Godfrey v. Alton*, 12 Ill., 29. The dedication of the "common" was accepted within a reasonable time and before it was revoked. *Guthrie v. New Haven*, 31 Conn., 321; *Clements v. West Troy*, 10 How. Pr., 199; *Leffler v. Burlington*, 18 Ia., 361; *Gwynn v. Homan*, 15 Ind., 201. Being a mere widening of streets, accepted by 18 years of public use, it may be held dedicated by acts *in pais*. *Baker v. Johnston*, 21 Mich., 340. The fee vested in the county in trust for the public use, and the dedication could not be revoked within the time limited for the recovery of real estate, unless the dedication is refused. *Wanzer v. Blanchard*, 3 Mich., 11; *Wayne County v. Miller*, 31 Mich., 447; *Detroit v. D. & M. R. R. Co.*, 23 Mich., 208; *M. E. Church v. Hoboken*, 33 N. J. Law, 13; *Pella v. Scholte*, 21 Ia., 463; *Hunter v. Middleton*, 13 Ill., 50. Platting lands and selling with reference to the plat amounts to dedication which becomes irrevocable if accepted. *Huber v. Gazley*, 18 Ohio, 18; *Doe v. Attica*, 7 Ind., 641; *Logansport v. Dunn*, 8 Ind., 378; *Simmons v. Cornell*, 1 R. I., 519; *Oswald v. Grenet*, 22 Tex., 94; *Cole v. Sprowl*, 35 Me., 161. Revocation after acceptance is unavailing. *Chapin v. State*, 24 Conn., 240. The court has jurisdiction to enjoin the erection of the building as a nuisance. *Georgetown v. Alexandria Canal Co.*, 12 Pet., 91; *Rowe v. Granite Bridge Co.*, 21 Pick., 344; *Bigelow v. Hartford Bridge Co.*, 14 Conn., 565; *O'Brien v. Norwich R. R. Co.*, 17 Conn., 372; *Frink v. Lawrence*, 20 Conn., 117; *Spooner v. McConnell*, 1 McLean, 337; *Putnam v. Valentine*, 5 Ohio, 190; *Leake v. Cannon*, 2 Humph., 169; *Williams v. Smith*, 22

Wis., 594; *Dickey v. Maine Telegraph Co.*, 46 Me., 483; *Com. v. Rush*, 14 Penn. St., 186; *Watertown v. Cowen*, 4 Paige, 510; Wood on Nuisances, § 655.

*T. B. Church* and *Norris & Uhl* (on brief) for defendants and appellants, cited *Sinclair v. Comstock*, Har. Ch., 412; *People v. Beaubien*, 2 Doug. (Mich.), 256; *People v. Jones*, 6 Mich., 179; *Tillman v. People*, 12 Mich., 405; *Cook v. Hillsdale*, 7 Mich., 115; *Lee v. Lake*, 14 Mich., 12; *Baker v. Johnston*, 21 Mich., 319; *Detroit v. D. & M. R. R. Co.*, 23 Mich., 173; *Field v. Manchester*, 32 Mich., 280.

MARSTON, J. Upon the main and undisputed facts this case may easily be disposed of.

Canton Smith as owner in fee of certain lands caused the same to be platted as an addition to the village of Grand Rapids, and the plat thereof to be recorded in August, 1849.

In the spring of 1850 he caused the lots in this addition to be offered for sale at public auction, and among the lots then sold, lot one in block six was purchased by J. W. Wisner through whom complainant claims title. In the deed to Wisner the property was described as "lot No. 1 in block six (6), said lot being one hundred and six (106) feet on Washington street, sixty-five (65) feet and six (6) inches on Louis street, sixty-six (66) feet on State street and

Diagram of premises described in the opinion.

one hundred five (105) feet on an alley running from State to Washington street, said lot lying in Smith's addition to the village of Grand Rapids, reference being had to the recorded plat thereof."

In August, 1872, Canton Smith claiming that Louis street did not extend to the front of this lot but only to State street sold and conveyed the land on the west side of this lot and up to the intersection of State and Washington streets, (the same being a triangular piece of land at the intersection of these streets), to Martin B. Smith, who afterwards commenced the erection of a dwelling house upon the piece so purchased. This bill was filed to obtain a perpetual injunction to restrain the erection of such house and for other purposes.

Canton Smith having in 1850 conveyed lot one to complainant's grantors and having in such conveyance described the property as being sixty-five feet six inches on Louis street, he, and all others claiming under him subsequent thereto, are estopped from now claiming that this street did not extend in front of this lot. This question was settled in this State in *Smith v. Lock*, 18 Mich., 56. The question still remains as to that part of the property lying west of Louis street. The record of the plat was destroyed by fire and a complete copy of the record or of the plat was not introduced in evidence. Some question was made as to whether the land was properly platted and recorded. The bill alleges that in August, 1849, Canton Smith was the owner in fee of this land, that as such he platted the same into streets, lots, alleys and blocks and caused the same to be acknowledged, and on the 15th day of August, 1849, to be recorded *according to the statute in such case made and provided*, in the office of the register of deeds. Canton Smith in his answer admits that he was owner, and that he did cause the same to be platted as an addition to the city of Grand Rapids, and did have the said plat recorded as in said bill of complaint alleged. We consider this charge in the bill and admission in the answer a full and complete recognition of the validity of the plat and record thereof. Even if any doubt existed upon this question the act of

1850 (1 Comp. Laws, § 1358)* would remove it. We must treat this land therefore as having been legally platted and recorded.

An examination of the plat, were it not for the word "common," would indicate that this disputed strip was intended as a mere widening or expansion of Washington and State streets, and if this is the correct view then no difficulty could arise as it would be a part of those highways, and there is no question but that there was an acceptance of these highways by the proper authorities. It is however marked or designated upon the plat as "common," which indicates an intention on the part of the owner to dedicate it to the public for any use which the proper authorities might deem proper, and which could be legitimately regarded as public. And although it is now claimed that at the time this plat was made the proprietor thereof did not fully understand the meaning of the word "common" as there used, yet we are of opinion that this can make no difference. A person is concluded by the words he deliberately adopts and uses in an instrument, whether he at the time fully understood their legal signification or not. The rights, which third parties may acquire cannot be affected by the individual views or understanding of the proprietor in such a case. The only remaining question necessary to be considered relates to an acceptance of this part designated as common, by the public authorities. There is no doubt but that an acceptance must be made within a reasonable time, but what shall be considered such time must be largely governed by the surrounding circumstances in each case. And so long as the original proprietor, or those claiming

---

* (1358.) SECTION 1. *Be it enacted, etc.,* That in all cases in which the proprietor or proprietors of any piece of land shall heretofore have caused the same to be laid out and platted in a town or village, and shall have caused such plat to be recorded in the office of the register of deeds of the county in which such land is situated, without having acknowledged the same according to the statute in such case made and provided and shall have sold and conveyed lots in such town or village by deeds duly acknowledged, referring to such recorded plat, such plat so recorded shall be deemed to have the same effect, in all respects whatsoever, as if the same had been acknowledged by such proprietor or proprietors, according to the statutes in such case made and provided; etc.

through him, take no steps to withdraw the offer, we think it must be considered as continuing.    In April, 1862, a resolution was passed by the common council of the city of Grand Rapids, reciting that they had investigated the title to this strip and found that it was dedicated to and belonged to the public and directing the city marshal to take and hold possession of the same, cause it to be surveyed and staked out as the property of the city and in all respects to protect the interests and rights of the city therein.    Some action was taken under this resolution and some years later certain parties under the direction of the city marshal fenced in this piece and made some slight improvements thereon for the benefit of the city.    No objections whatever or claim of ownership was set up by Canton Smith until one year or upwards after the fencing and improvements were thus made. We are all of opinion that the resolution of April, 1862, and the subsequent acts performed thereunder was a sufficient acceptance on the part and behalf of the city, and that the subsequent acts of Canton Smith in attempting to resume possession were unlawful and gave him no special rights in the premises.

The decree must be affirmed with costs.

The other Justices concurred.