## RICE v. CLARE COUNTY ROAD COMMISSION.

1. Highways and Streets—Laying Out—Failure to Open or Work—Dedication—Statutes.

Statute providing that a public highway that is laid out but not opened or worked within 4 years after having been so laid out should cease to be a road for any purpose whatever does not apply to situation where the highway was dedicated in a recorded plat (CL 1948, § 221.22).

2. Dedication—Acceptance.

A municipality is not bound to accept all lands dedicated for highway purposes, but acceptance by some means is necessary unless abolished by statutory mandate.

3. Same—Plat as Offer to Dedicate or Grant—Acceptance—Presumptions.

Whether a plat be regarded as an offer to dedicate or a grant, there must be an acceptance, for if it be the former, it must be regarded as no longer open to acceptance after a considerable lapse of time, and if the latter, it cannot be thrust upon the grantee without its assent for, although acceptance of a grant may be presumed when beneficial, there is no conclusive presumption that a grant of land for a public way is so.

4. Same—Manner of Acceptance.

The acceptance of land, dedicated in a plat for use as a public way, may be either formal, by resolution or ordinance, or in-

---

References for Points in Headnotes

[1] 16 Am Jur, Dedication § 65.
[5] 16 Am Jur, Dedication § 33 et seq.
[6] 16 Am Jur, Dedication § 42.

formal, through user or expenditures of public money for the repair, improvement and control of the highway,

5. SAME—RECORDED PLAT—DEDICATION—ACCEPTANCE.

   A recorded plat of land, considered as an offer to dedicate the portions designated as streets or alleys thereon, was validly accepted by a resolution of the county board of road commissioners determining that such streets and alleys were to be county roads (CL 1948, § 247.1 *et seq.*).

6. SAME — DEDICATION — ACCEPTANCE — EXPENDITURE OF PUBLIC MONEYS.

   It is immaterial that public moneys were not expended for repair or improvement immediately upon acceptance of streets dedicated to public use in a recorded plat as the dedication was complete upon acceptance (CL 1948, § 247.1 *et seq.*).

7. COSTS—PUBLIC QUESTION—STREETS ON RECORDED PLAT.

   No costs are allowed in suit involving question as to whether or not streets on recorded plat were public thoroughfares, a public question being involved (CL 1948, § 247.1 *et seq.*).

Appeal from Clare; Holbrook (Donald E.), J. Submitted June 7, 1956. (Docket No. 33, Calendar No. 46,720.) Decided October 1, 1956.

Bill by Thaddeus A. Rice and various property owners against Clare County Road Commission, with certain other property owners later joined, to restrain trespass and to restrain grading and reconstruction of dedicated lakeside roadway. Decree dismissing bill. Plaintiffs appeal. Affirmed.

*James M. Teahen, Jr.,* for plaintiffs.

*Robert H. Campbell,* for defendant road commission.

*Skinner & Joseph,* for defendant property owners.

SMITH, J. This case involves a platted street known as Beach street. It runs along the shore of Lake George in Clare county. The lot owners who have property on the lake wish to close the street off. The "back lot" owners, who come down Beach street

to swim, and who build docks along the lake, wish to keep it open.

In more detail Beach street is located in Tompkins resort, situated on the north shore of Lake George. The plat to Tompkins resort was dedicated on October 13, 1925, and recorded in the Clare county records on November 5, 1925. Forest boulevard runs in a northwesterly and southeasterly direction through the plat. It divides the plat, roughly, into 2 areas, the waterfront lots and the back lots. It divides, also, the litigants. The plaintiffs own lakefront lots, the defendants the back lots. The Clare county road commission which "intended to do work on Beach street, possibly with a bulldozer," is also a party defendant. The street we are concerned with, Beach street, begins at Forest boulevard and runs south to the lake shore, thence in a southeasterly direction along the shore.

The plaintiffs' lots were purchased during the period from 1938 to 1946. During these years plaintiffs built cottages, improved their properties, and generally utilized the area as resort property. Certain building encroachments were made upon the property designated on the plat as Beach street, and in some cases shrubbery has been planted thereon and grass grown. It was not until 1950 that the lots north of Forest boulevard were sold to the individual defendants. These sales, the trial court held, were made with reference to the plat which indicated the streets thereon. Defendants erected cottages on their properties and began using Beach street as a means of access to the lake. The use was not extensive in duration. It was largely limited to the summer months, although there was testimony that one or more property owners engaged in ice fishing during the winter months. The principal portion of Beach street used was that portion beginning at Forest boulevard and running to the lake. Of this,

only the first 30 feet or so were used by cars, the remainder being almost impassable in its natural state to vehicles. However, it was used for foot traffic and the portage of boats. The remaining portion of the street, that continuing along the shore, was used, less extensively, by pedestrians, swimmers, and those having boats. Such was the normal use of Beach street under existing circumstances. The county road commission has not opened or improved the street, but shortly before this litigation was commenced had moved equipment into the area, apparently in preparation for work on the road.

It was not until the defendants, the back lot owners, began to use the road as a means of access to the lake that serious difficulties arose. At the time of the platting of the land, all of the property contained in the resort was owned by Charles O. Tompkins and his wife, Bertha Eva. In 1953 the latter (at this time the survivor) executed and recorded a formal withdrawal of the dedication of Beach street. She also executed, and delivered to plaintiffs, quitclaim deeds for the portions of Beach street which fronted on their properties. Occasionally, about this time, plaintiffs, or some of them, would erect a fence across Beach street, but in each instance it was removed by the "highway men." We note, in passing, that "several years" before this suit was tried, several of the plaintiffs, together with other owners in the resort, filed a petition in the circuit court to vacate Beach street. Apparently the action was never carried to a conclusion, one way or the other.

The present bill was brought to restrain the Clare county road commission (hereinafter called commission) "from interfering with the property of the plaintiffs" (i.e., Beach street) and from "coming upon the area." The individual defendants (property owners) were added by stipulation. After hearing,

the bill was dismissed, from which dismissal a general appeal was taken.

Since the plat was recorded in 1925 and the record is silent as to working by the municipality within the next 4 years, we are met at the threshold of the case with plaintiffs' naked assertion that CL 1948, § 221.22 (Stat Ann § 9.23), cannot "be utterly disregarded." This statute, which re-enacted PA 1881, No 243, ch 1, § 22, provides as follows:

"Every public highway already laid out, or hereafter to be laid out, no part of which shall have been opened and worked within 4 years after the time of its being so laid out, shall cease to be a road for any purpose whatever."

Defendants content themselves with replying that "this section does not apply." The defendants are correct in this, but since the reasons therefor may not be equally obvious to all an exposition may be justified. At the time this statute was passed, there were 2 methods by which public highways might be established: By a laying out thereof under authority of the legislature and by user. See *Brown* v. *Township of Byron,* 189 Mich 584; also, article 8, § 26, Constitution of 1908, *re* the "laying out" of highways by "the State and by the counties and townships thereof and by road districts." Mr. Justice Cooley's holding in *Potter* v. *Safford,* 50 Mich 46, 48, is informative on the meaning of the term "laying out," as employed with reference to highways:

"But it is said on behalf of the defendant that if a road is 'laid out' under the statute it becomes a highway immediately, and needs the aid of no user to perfect it or give it legality. This is true if the proceedings in laying it out are in compliance with the statute; it then becomes a highway whether it is ever recorded or not. But it is notorious that the proceedings in a great many cases are carelessly managed and defective, and will not stand the test of legal scru-

tiny. In a strict sense a road is not laid out unless the proceedings are in conformity with the law, but in a popular sense every road may be said to be laid out where proceedings have been taken by the highway authorities for the purpose, however irregular, the proceedings may be, or however imperfect."

It is in this same case that the Justice makes the distinction necessary to be drawn in the case before us, between a highway "laid out" under statutory authority, and one "established by dedication." The statute cited by appellants (CL 1948, § 221.22 [Stat Ann § 9.23]) has no application to the facts before us and our opinion with respect thereto is well expressed by the Wisconsin court (*Paine Lumber Co.* v. *City of Oshkosh,* 89 Wis 449 [61 NW 1108]) where, in speaking of their statute (Ann Stat, Wisconsin, § 1294), which is similar to ours, the court observed (p 457):

"It certainly could not have been the intention that section 1294 should be applicable to streets, *dedicated* by recorded plat, instead of streets *laid out* by the public authorities, so that at the expiration of 5 years after the recording, and when the city was increasing in population, wealth, and importance, all parts of streets not opened, traveled, or worked should at once revert to the proprietor or his grantee, involving embarrassments and inconvenience which the legislature could never have intended." (Emphasis the court's.)

The plaintiffs also urge upon us that there was no acceptance, by the county, of the offer of dedication; that there was no expenditure of money, or work performed, upon the road, and no development thereof. "In the instant case," it is said, "the record is absolutely barren of any overt act in respect to the road itself." In partial reply the defendants show that upon April 3, 1937, the following action was taken by the Clare county road commission:

" 'Resolved that the streets and alleys in the several plats of the county described below, be and the same are hereby determined to be county roads, subject to the jurisdiction of the county road commission, and that the several roads shall be a part of the county road commission, and are taken over by the county under the provisions of PA 1931, No 130,* and will take effect on April 1, 1937. Be it further resolved that the clerk shall cause notice of this action to be given to the highway commissioner and the clerks of the townships concerned, and shall cause a certified copy of this resolution to be published for 3 successive weeks in the Clare County Sentinel, a newspaper published and circulated in said county. * * * Plat of Tompkins Resort, part of government lots 6–7, section 17, township 18 north, range 5 west, Clare county, Michigan, total mileage of the streets and roads, 1.3792.' "

With respect to this action, however, plaintiffs assert that "the mere fact that the board of road commissioners might meet for an hour or so and indicate on their records that they 'took over' miles and miles of roads by merely stating so in their official records that they did so does not constitute acceptance" under applicable law.

What we have before us is a dedication, an appropriation of land to a public use by the owner. Here the intent of the owner is clear, and has been formally manifested in the plat recorded. Since, however, a municipality is not bound to accept all lands dedicated, acceptance by some means is necessary, unless abolished by statutory mandate. As Mr. Justice Cooley put it in *County of Wayne* v. *Miller,* 31 Mich 447, 449, 450:

"Without venturing to express any definite opinion whether such a plat should be regarded as a grant or as a mere offer to dedicate, it is very clear to our minds that it is one or the other, or perhaps partakes

---

* Repealed by PA 1951, No 51.—See *post,* 666.—Reporter.

of the nature of both, and that some action by competent public authority is essential before it can have the intended effect. If the plat is only an offer to dedicate, the offer must be accepted or it may be withdrawn, and after any considerable lapse of time must be regarded as no longer open for acceptance, unless the circumstances are such as to make the offer continuous. On this subject our own decisions have been full and explicit. *People* v. *Jones,* 6 Mich 176; *Lee* v. *Lake,* 14 Mich 12 (90 Am Dec 220); *Baker* v. *Johnston,* 21 Mich 319.

"But if the plat is regarded as a grant, it is equally necessary that there should be acceptance. No one can thrust a grant upon another without his assent. *Thompson* v. *Leach,* 2 Ventris 198 (86 Eng Rep 391); *Jackson* v. *Goodell,* 20 Johns (NYSC) 187; *Hurst* v. *McNeil,* 1 Wash CC 70. It is true, acceptance of a grant may be presumed when it is beneficial, *Tompkins* v. *Wheeler,* 16 Pet (41 US) 106, 118 (10 L ed 903); *Maynard* v. *Maynard,* 10 Mass 456 (6 Am Dec 146); *Church* v. *Gilman,* 15 Wend (NY) 656, 661, 663 (30 Am Dec 82); *Peavey* v. *Tilton,* 18 NH 151 (45 Am Dec 365); *Townson* v. *Tickell,* 3 B & Ald 31, 36 (106 Eng Rep 675); but there can be no conclusive presumption that a grant of land for a public way is so."

Such acceptance may be either formal, by resolution or ordinance, or informal "through user or expenditures of public money for the repair, improvement and control of the highway," *Hooker* v. *City of Grosse Pointe,* 328 Mich 621, 630. The analogy to the contract law of offer and acceptance is clear (11 McQuillin, Municipal Corporations (3d ed), § 33.43), the acceptance of the continuing offer (*White* v. *Smith,* 37 Mich 291) of dedication being necessary to make the dedication complete.

We agree with the trial court that the resolution of the county road commission in 1937 constituted a valid acceptance of the offer to dedicate. The re-

marks of the Court in *In re Petition of Bryant*, 323 Mich 424, 433, 434, are here peculiarly appropriate:

"The practical situation presented in the case at bar is that these streets were dedicated to the public for highway purposes, that there was no withdrawal of such dedication, and no action taken by the plaintiffs or their predecessors in title to preclude acceptance by public authorities at any time. As before noted, the dedication of streets in the first plat, executed in 1921, was impliedly renewed in the second plat 5 years later. Under the circumstances here presented we think it a fair inference that the dedication was continuous. In any event a 'period of time sufficient to bar all actions for the recovery of lands under the statute of limitations' did not elapse after the 1926 dedication and before the taking over of the streets in question in 1938 as a part of the county road system. The board of county road commissioners not only had the right to take over the streets in these plats but was, as a matter of law, obligated to do so by the specific provisions of the McNitt act."[*]

Under such circumstances the failure immediately to make expenditures of public moneys thereon for repair or improvement, which measures normally evidence an informal acceptance was immaterial. The dedication was complete upon acceptance. Under the view we have taken of the case it is not necessary that we discuss the legal effect of sale and purchase of lots in the area by reference to the plat, nor the degree of user necessary for the implication of acceptance of dedication by public user.

Affirmed. No costs, a public question.

DETHMERS, C. J., and SHARPE, EDWARDS, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

---

[*] PA 1931, No 131 (CL 1948, § 247.1 *et seq.* [Stat Ann § 9.141 *et seq.*]), repealed by PA 1951, No 51. See CLS 1954, § 247.651 *et seq.* (Stat Ann 1955 Cum Supp § 9.1097[1] *et seq.*).—REPORTER.