SMITH *v.* AUDITOR GENERAL.

1. DEDICATION—ACCEPTANCE.

There must be an acceptance by some means by a municipality of lands which are dedicated to a public use by the owner, unless the requirement of acceptance is abolished by statutory mandate.

2. SAME—PLAT AS OFFER TO DEDICATE OR GRANT—ACCEPTANCE—PRESUMPTIONS.

Whether a plat be regarded as an offer to dedicate or a grant, there must be an acceptance, for if it be the former, it must be regarded as no longer open to acceptance after a considerable lapse of time, and if the latter, it cannot be thrust upon the grantee without its assent for, although acceptance of a grant may be presumed when beneficial, there is no conclusive presumption that a grant of land for a public way is so.

3. SAME—ACCEPTANCE—FORMAL—INFORMAL.

Acceptance of land dedicated to a public use as a highway by the owner may be either formal, by resolution or ordinance, or informal, through user or expenditures of public money for the repair, improvement, and control of the highway.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication §§ 41, 42.
[2] 23 Am Jur 2d, Dedication §§ 23, 41–43.
[3] 23 Am Jur 2d, Dedication §§ 41, 43, 44, 50.
[4] 23 Am Jur 2d, Dedication § 79.
[5] 23 Am Jur 2d, Dedication §§ 52, 53, 79.
[6] 23 Am Jur 2d, Dedication §§ 51, 79.
[7] 23 Am Jur 2d, Dedication §§ 41–43, 50–52, 75, 79.

4. Same—Acceptance—Written Evidence.

Formal acceptance of land dedicated to public use as a highway was not shown when at a hearing conducted in circuit court, no written evidence of acceptance of the road's dedication could be produced from county records, and the only evidence offered to explain omission of the road from a road commission resolution determining certain roads to be part of the county road system was that its omission was an error or oversight by the commission.

5. Same—Acceptance—User.

Evidence that owners of lots in a plat, their guests, and cottage renters regularly used a lakefront road shown on the plat, but that the general public did not so use the road, and evidence that for a short period during the summer months a mailman used the road to deliver mail to occupants of the plat, *held,* not to establish such public use of the road as to constitute acceptance by user of road's dedication to the public.

6. Same—Acceptance—Expenditure of Public Funds.

Trial judge's finding that public funds were not used for repair and maintenance of a platted road, so as to establish acceptance of the road by the public, *held,* not against the great weight of the evidence, where county road commission, asserting acceptance, offered testimony to establish that county employees, during the 25 or 30 years preceding action for vacation of the platted road, went upon the road at least on 4 or 5 occasions to fill holes, to remove a fallen tree, to clear brush and remove posts, and to run a road grader along it, witnesses for plaintiff seeking vacation testified that no public work was done on the road during that period, and circuit judge observed in his opinion that road commission's testimony of repair and maintenance was very indefinite.

7. Same—Acceptance—Vacation of Platted Road.

Judgment vacating platted lakefront road *held,* correct, where county road commission opposing vacation, and claiming that the road was a public road, failed to produce evidence of formal acceptance, or informal acceptance by user or expenditure of public funds in repair and maintenance of the road.

Appeal from Crawford; O'Keefe (Dennis J.), J. Submitted December 7, 1967. (Calendar No. 48, Docket No. 49,019.) Decided February 9, 1968.

Petition by Louise Smith and others against Frank S. Szymanski, Auditor General of the State of Michigan, and others for partial vacation of plat to eliminate lakefront road. Petition dismissed. Plaintiffs appeal. Remanded for further testimony and proceedings. Judgment for petitioners vacating portions of plat. Crawford County Board of Road Commissioners appeals. Affirmed.

*Harry T. Cook,* for plaintiffs.

*Frank J. Kelley,* Attorney General, and *Warren R. Synder,* Assistant Attorney General, for intervening defendant Auditor General, *ex rel.* Gerald E. Eddy, Director of Department of Conservation..

*Charles H. Miltner,* for defendant Crawford County Road Commission.

SOURIS, J. In 1960 the Honorable Dennis J. O'Keefe, Crawford county circuit judge, dismissed plaintiffs' petition to vacate Portage Lake drive, a lakeside road shown on a recorded plat. On appeal to this Court in 1962, we remanded for additional proof regarding certain issues repeated here in our margin[1] and for redetermination of the cause

---

[1] "(a) Whether any record of the Crawford county road commission definitely discloses that public funds were expended at any time on the involved portions of Portage Lake drive;

"(b) Whether any record of the county road commission, made since 1937, discloses definitely that the involved portions of Portage Lake drive have been resolved by the commission as being or having been taken over as a part of the county road system. The circuit court will refer to the form of resolution shown in *Rice* v. *Clare County Road Commission,* 346 Mich 658, 664, and will ascertain, if possible, why Portage Lake drive was excluded from the scope of the road commission's resolution (defendants' exhibit 'A') of 1937.

"(c) Whether any record of the county road commission, made prior to institution of the present proceeding, discloses that the

by the circuit judge upon the entire record as so supplemented. 366 Mich 165. On remand, the circuit judge granted plaintiffs the relief they sought and defendants, Crawford county board of road commissioners, now appeal directly to this Court as authorized by our 1962 order of remand.

Plaintiffs' right to vacation of the road[2] depends upon whether its dedication for public use in a plat recorded in 1901 was accepted by the county. In *Rice* v. *Clare County Road Commission* (1956), 346 Mich 658, we reviewed the ways by which acceptance of private land dedicated to public use can be effected in this State (pp 664, 665):

"What we have before us is a dedication, an appropriation of land to a public use by the owner. Here the intent of the owner is clear, and has been formally manifested in the plat recorded. Since, however, a municipality is not bound to accept all lands dedicated, acceptance by some means is necessary, unless abolished by statutory mandate. As Mr. Justice Cooley put it in *County of Wayne* v. *Miller,* 31 Mich 447, 449, 450:

" 'Without venturing to express any definite opinion whether such a plat should be regarded as a grant or as a mere offer to dedicate, it is very clear to our minds that it is one or the other, or perhaps partakes of the nature of both, and that some action by competent public authority is essential before it can have the intended effect. If the plat is only an offer to dedicate, the offer must be accepted or it may be withdrawn, and after any considerable lapse of time must be regarded as no longer open for acceptance, unless the circumstances are such as

commission reported to any other public authority that said Portage Lake drive, identified by name or otherwise, was or had become a maintained and worked public way." 366 Mich 165, 166, 167.

[2] Suit was filed pursuant to section 59 of the plat act (CLS 1961, § 560.59 [Stat Ann 1953 Rev § 26.489]). On this appeal, no issue is raised concerning the procedure followed below.

to make the offer continuous. On this subject our own decisions have been full and explicit. *People* v. *Jones,* 6 Mich 176; *Lee* v. *Lake,* 14 Mich 12 (90 Am Dec 220); *Baker* v. *Johnston,* 21 Mich 319.

" 'But if the plat is regarded as a grant, it is equally necessary that there should be acceptance. No one can thrust a grant upon another without his assent. *Thompson* v. *Leach,* 2 Ventris 198 (86 Eng Rep 391); *Jackson* v. *Goodell,* 20 Johns (NY) 188; *Hurst* v. *McNeil,* 1 Wash CC 70. It is true, acceptance of a grant may be presumed when it is beneficial, *Tompkins* v. *Wheeler,* 16 Pet (41 US) 106, 118 (10 L ed 903); *Maynard* v. *Maynard,* 10 Mass 456 (6 Am Dec 146); *Church* v. *Gilman,* 15 Wend (NY) 656, 661, 663 (30 Am Dec 82); *Peavey* v. *Tilton,* 18 NH 151 (45 Am Dec 365); *Townson* v. *Tickell,* 3 B & Ald 31, 36 (106 Eng Rep 675); but there can be no conclusive presumption that a grant of land for a public way is so.'

"Such acceptance may be either formal, by resolution or ordinance, or informal 'through user or expenditures of public money for the repair, improvement and control of the highway,' *Hooker* v. *City of Grosse Pointe,* 328 Mich 621, 630. The analogy to the contract law of offer and acceptance is clear (11 McQuillin, Municipal Corporations [3d ed], § 33.43), the acceptance of the continuing offer (*White* v. *Smith,* 37 Mich 291) of dedication being necessary to make the dedication complete."

Our reference to the case of *Rice, supra,* in our remand of this cause in 1962 focused the parties' and the circuit judge's attention upon the county's records for written evidence of acceptance of the road's dedication. It is sufficient to state that the supplemental hearing conducted in the circuit court on remand produced no such written evidence. The only evidence offered to explain omission of Portage Lake drive from the road commission's 1937 resolution, referred to in item (b) of the questions we

submitted for consideration by the circuit judge on remand, was that its omission was an error or oversight by the commission.

Absent any evidence of formal acceptance of the road's dedication, the circuit judge reviewed the evidence taken at the original trial and at the supplemental hearing to determine whether acceptance had been effected by public use or by the expenditure of public money for repair and maintenance of the road. There was evidence that owners of lots in the plat, their guests, and cottage renters regularly used the road, but that the general public did not. There was also evidence that for a short period during summer months a mailman used it to deliver mail to occupants of the plat. The circuit judge concluded, and we agree, that the evidence did not establish such public use of the road as to constitute acceptance by user of its dedication as a public road.

Absent any written evidence concerning the road's acceptance or the expenditure of public funds for its repair and maintenance, defendants offered testimony to establish that county employees, during the preceding 25 or 30 years, went upon the road at least on 4 or 5 occasions to fill holes, to remove a fallen tree, to clear brush and remove posts, and to run a road grader along it. Plaintiffs' witnesses, on the other hand, testified that no public work was done on the road during that period. The circuit judge observed in his opinion that the defendants' testimony of repair and maintenance was very indefinite and, finding implicitly that public funds were not used for repair and maintenance of the road, he concluded that plaintiffs were, therefore, entitled to an order vacating Portage Lake drive. It is our conclusion that the circuit judge's implicit finding was not against the great weight of.

the evidence. While there was testimony that the county had performed some work on the road, there was evidence also that it had not. Under such circumstances, the circuit judge, sitting without a jury, was entitled to believe or disbelieve either offering of conflicting evidence.

. There being no evidence of formal acceptance of the plat's dedication of Portage Lake drive as a public road and the circuit judge having found, as he was entitled to do from the evidence presented, that there was no public use and no expenditure of public funds for the road's repair and maintenance sufficient to constitute informal acceptance, the judgment vacating Portage Lake drive is affirmed. Plaintiffs may tax their costs.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, O'HARA, and BRENNAN, JJ., concurred.

ADAMS, J., did not sit.