JONES v CRAWFORD COUNTY ROAD COMMISSION

1. DEDICATION—RECORDED PLAT—VACATION.

Summary judgment for vacation of a street was improperly granted to the plaintiffs where the pleadings of defendants asserted questions of fact whether the dedication of a street in a plat was properly accepted formally or by reason of user, or by expenditure of public money for repair, improvement, or control of the street and where no resolution or other legislative enactment duly adopted by the governing body of the municipality affected was shown, because a court has the power to order vacation of a street in a recorded plat without a resolution or other legislative enactment by the governing body of the municipality affected only where it is determined that the property in question has not been dedicated or that such dedication has not been properly accepted by the municipality affected (MCLA 560.226).

2. DEDICATION—STREETS—ACCEPTANCE.

The dedication of a street must have been properly accepted by the governmental unit concerned in order to be effective.

Appeal from Crawford, Dennis J. O'Keefe, J. Submitted Division 3 December 6, 1972, at Grand Rapids. (Docket Nos. 13162, 13163.) Decided February 22, 1973.

Complaint by Herbert F. Jones and others against the Crawford County Road Commission and Allison Green, State Treasurer, for vacation of a portion of a street. Summary judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Harry T. Cook,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 143, 184.

*Charles H. Miltner,* for Crawford County Road Commission.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Maslowski* and *Russell E. Prins,* Assistants Attorney General, for the State Treasurer.

Before: T. M. BURNS, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

HOLBROOK, J. This is an action to vacate a portion of a street in a dedicated plat pursuant to MCLA 560.221; MSA 26.430(221).

Plaintiffs are owners of lots in the plat of Portage Lake Park, a part of Government Lot 1, Section 8, Township 26 North, Range 4 West, Crawford County, Michigan, abutting the portion of Portage Lake Drive that plaintiffs request to be vacated. The defendants, Crawford County Road Commission, Allison Green, Treasurer of the State of Michigan, and intervenors consisting of backlot owners in the plat, objected to the vacating of the portion of Portage Lake Drive.

Plaintiffs made a motion for summary judgment based mainly on the decision in the case of *Smith v Auditor General,* 380 Mich 94 (1968), which in effect ruled that a portion of Portage Lake Drive adjoining to the east and in another subdivision was properly vacated because the county had never accepted the dedication of that portion of the street either by formal resolution, by user, or by expenditure of public money for the repair, improvement, and control of the street.

Defendants made a motion for accelerated judgment claiming that the court did not have power

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to order a vacation of the property in question for the reason that there does not appear in the record a resolution or other legislative enactment duly adopted by the governing body of the governmental unit affected.

Both of these motions were heard before the court, and after briefs had been filed, the trial court granted summary judgment in favor of plaintiffs based mainly on the case of *Smith v Auditor General, supra,* and further on the premise that the resolution of the county road commission accepting the dedication of the street on June 7, 1968, was made too late, *i.e.,* not within a reasonable time.

The first issue we need to determine on this appeal is whether MCLA 560.221 *et seq.;* MSA 26.430(221) *et seq.* requires the Crawford County Road Commission to act on the vacation of the street or requires a resolution or other legislative enactment by the governing body of the governmental unit affected (Township of Grayling), before the court may grant the plaintiffs' request to vacate.

MCLA 560.226; MSA 26.430(226) provides in part:

"After requiring proof that the required notices have been given and after hearing all interested parties, the court may order dimensional changes to be made in a recorded plat, or may order a recorded plat or any part of it to be vacated, corrected or revised, with the following exceptions:

"(a) No part of a state highway or federal aid road may be vacated, corrected or revised except by the department of state highways.

"(b) No part of a county road may be vacated, corrected or revised except by the county road commission having jurisdiction.

"(c) No part of a street or alley under the jurisdiction

of a city or village and no part of any public walkway, park or public square or any other land dedicated to the public may be vacated, corrected or revised under the provisions of this section except by both a resolution or other legislative enactment duly adopted by the governing body of the municipality and by court order."

Subdivision (a) is not applicable because this street could not be termed a state highway or Federal-aid road. Subdivision (b) is applicable provided the portion of Portage Lake Drive desired to be vacated is a county road. Subdivision (c) would be applicable in the event the portion of the street desired to be vacated was a public street duly and properly accepted by the Township of Grayling. We rule that in accord with Const 1963, art 7, § 29, the Township of Grayling retains reasonable control of the highways, streets, alleys, and public places. *Union Twp v Mt Pleasant,* 381 Mich 82, 90 (1968).

We therefore conclude that the defendants are unable to prevail on this issue unless it is determined by the trial court that this portion of the street in question dedicated in the plat of Portage Lake Park has been properly accepted by the Township of Grayling or the County of Crawford.

We are cognizant of the case of *Bangle v State Treasurer,* 34 Mich App 287 (1971). However, we rule that under the facts in this case, concerning a 1901 plat,[1] to make the dedication of a street therein effective there must be a showing of a proper acceptance of said street by the township. There is nothing in the record in the instant case to indicate that the township formally accepted the street in question. The original plat was not considered as a part of the original record. Also there has not been a hearing on the merits to

---

[1] 1897 CL 3372.

determine if the township accepted the street by user, or by expenditure of funds for the repair, improvement, and control of the street.

We are also cognizant of the effect of a properly approved and recorded plat under the law present at the date of this plat in 1901. This law is explicitly stated in the case of *Grandville v Jenison,* 84 Mich 54, 65–67 (1890), where it is stated in part as follows:

"Since 1827 the forms of law required to be followed in this State to effectuate a statutory dedication of land to public use have remained substantially the same. Changes have been made in matters of detail, but from the first the statute has required a plat or map showing the land intended to be dedicated to be made and acknowledged by the proprietor, and recorded in the office of the register of deeds. The effect of such statutory dedication, unlike a dedication at common law, has been to *vest the fee* of such parcels of land as are therein expressed, named, and intended to be for public use *in the county* in which the same shall be, for the uses and purposes intended. 2 Terr Laws, 577 (How Stat chap 32). The effect of a dedication under the statute has been to vest the fee in the county, in trust for the municipality intended to be benefited, whereas, at common law, the act of dedication created only an easement in the public.

\* \* \*

"The making of a plat of lands by the proprietor, showing lots, blocks, and streets, evidently for the use of those who shall come to occupy the property, and the subsequent sale of the property in lots or blocks, according to such plat, as was done in this case, is one of the clearest ways of declaring an intention to dedicate. Such an act has been held to conclude the owners, so far as the rights of subsequent purchasers are concerned. 5 Amer & Eng Enc Law, tit. 'Dedication,' 405, and cases cited. But the owner is not concluded, as to the public, unless the dedication be accepted by the public. *People v Jones,* 6 Mich 176 [1858]; *Lee v Lake,*

[14 Mich 12 (1865)]; *Tillman v People,* 12 Mich 401 [1864]; *Detroit v Railroad Co,* [23 Mich 172 (1871)]. It was said in *Tillman v People,* 12 Mich 405 [1864], which was the case of a supposed street, that—

" 'It was essential, before such dedication could become effectual, that it should be accepted by the proper authorities on behalf of the public; that such acceptance should be manifested by some act of the public authorities, either formally confirming or accepting the dedication, and ordering the opening of such street, or by exercising authority over it in some of the ordinary ways of improvement or regulation.'

"The acceptance must be within a reasonable time. *County of Wayne v Miller,* 31 Mich 447 [1875]; *Field v Village of Manchester,* [32 Mich 279 (1875)]: *Cass Co Sup'rs v Banks,* [44 Mich 467 (1880)]."

The pretrial statement in the instant case properly sets forth the claims of the respective parties as follows:

"It is the claim of the plaintiffs that Portage Lake Drive running between the westerly boundary of Michigan Boulevard and Pinegrove Avenue has never been opened or used by the public or by the plaintiffs for access to their property.

"It is the claim of the plaintiffs that the Crawford County Road Commission, by its resolution dated November 19, 1937, excluded that portion of Portage Lake Drive as one of the highways taken over by them by resolution and that it never became a public highway by user or by the expenditure of public funds, or by formal resolution of the Crawford County Road Commission.

"It is the claim of the plaintiffs that to open said area would result in irreparable damage to the plaintiffs and to their property.

"Defendant Crawford County Road Commission denies the allegations contained in paragraph 2 of plaintiffs' complaint and says that Portage Lake Drive was at one time used as a mail route by a carrier out of the Post Office at Grayling, Michigan, and has been used by

various persons at various times, besides it has been traveled by the Crawford County Road Commission for inspection purposes and repair purposes.

"Defendant Road Commission denies that by opening the area in question it would result in irreparable damage to the plaintiffs, and says that plaintiffs bought their property pursuant to a plat in which Portage Lake Drive was plainly shown thereon and dedicated to the use of the public.

"The defendant Crawford County Road Commission alleges as affirmative defense that on or about June 7, 1968, the said Crawford County Road Commission formally accepted the dedication made in said plat and affirmed its taking over of said Portage Lake Drive as a public street by resolution adopted on said date, notice of which was duly recorded in its records and published in the Crawford County Avalanche, the public newspaper at Grayling, Michigan.

"It is the claim of the defendant Road Commission that the Portage Lake Drive is required for public travel along the shore of Lake Margrethe and access from the street network in the plat to the lake, and the Township of Grayling objects to the closing of Portage Lake Drive not only to give access to the lake and to facilitate fire-fighting equipment obtaining water from the lake in case of fires in dwellings in said plat, and that the Michigan Department of Conservation, and the Army Department, having sold lots in the plat in the belief that Portage Lake Drive was a public street."

The pleadings of the defendants verify the pretrial statement as to what they expected to show by the offer of proofs, *i.e.,* that the street in question dedicated to the public in the plat was formally accepted or accepted by user.

In the case of *Smith v Auditor General, supra,* pp 97–98, the Court quoted with approval that which was stated in the case of *Rice v Clare County Road Commission,* 346 Mich 658 (1956), in part as follows:

" 'What we have before us is a dedication, an appropriation of land to a public use by the owner. Here the intent of the owner is clear, and has been formally manifested in the plat recorded. Since, however, a municipality is not bound to accept all lands dedicated, acceptance by some means is necessary, unless abolished by statutory mandate. As Mr. Justice COOLEY put it in *County of Wayne v Miller,* 31 Mich 447, 449, 450 [1875]:

" ' "Without venturing to express any definite opinion whether such a plat should be regarded as a grant or as a mere offer to dedicate, it is very clear to our minds that it is one or the other, or perhaps partakes of the nature of both, and that some action by competent public authority is essential before it can have the intended effect. If the plat is only an offer to dedicate, the offer must be accepted or it may be withdrawn, and after any considerable lapse of time must be regarded as no longer open for acceptance, unless the circumstances are such as to make the offer continuous. On this subject our own decisions have been full and explicit. *People v Jones,* 6 Mich 176 [1858]; *Lee v Lake,* 14 Mich 12 (90 Am Dec 220) [1865]; *Baker v Johnston,* 21 Mich 319 [1870].

" ' "But if the plat is regarded as a grant, it is equally necessary that there should be acceptance. No one can thrust a grant upon another without his assent. *Thompson v Leach,* 2 Ventris 198 (86 Eng Rep 391) [CP, 1690]; *Jackson v Goodell,* 20 Johns (NY) 187 [1822]; *Hurst v McNeil,* 1 Wash CC 70 [1804]. It is true, acceptance of a grant may be presumed when it is beneficial, *Tompkins v Wheeler,* 16 Pet (41 US) 106, 118 (10 L ed 903) [1842]; *Maynard v Maynard,* 10 Mass 456 (6 Am Dec 146) [1813]; *Church v Gilman,* 15 Wend (NY) 656, 661, 663 (30 Am Dec 82) [1836]; *Peavey v Tilton,* 18 NH 151 (45 Am Dec 365) [1846]; *Townson v Tickell,* 3 B & Ald 31, 36 (106 Eng Rep 575) [1819]; but there can be no conclusive presumption that a grant of land for a public way is so."

" 'Such acceptance may be either formal, by resolution or ordinance, or informal "through user or expenditures of public money for the repair, improvement and control of the highway," *Hooker v City of Grosse*

*Pointe,* 328 Mich 621, 630 [1950]. The analogy to the contract law of offer and acceptance is clear (11 McQuillin, Municipal Corporations [3d ed], § 33.43), the acceptance of the continuing offer *(White v Smith,* 37 Mich 291 [1877]) of dedication being necessary to make the dedication complete.' "

Inasmuch as the pleadings of defendants assert that the dedication of the street in the plat was properly accepted formally or by reason of user, or by expenditure of public money for repair, improvement, or control of the street, questions of fact were presented to the court which precluded it from granting a summary judgment to the plaintiffs.

Reversed and remanded for further proceedings consistent with this opinion.

No costs, a public question being involved.

All concurred.