## John Field v. The Village of Manchester and others.

*Plats: Streets: Offer to dedicate: Acceptance: Revocation.* The platting of lands into blocks and streets is but an offer to dedicate the lands indicated as streets, and an acceptance on the part of the public is essential to make such streets public highways; and where the public authorities do not within a reasonable time accept such offer to dedicate, the proprietor may again take possession and revoke his offer.

*Plats: Streets: Offers to dedicate: Acceptance: Revocation: Highways.* Where a portion of a village street offered to be dedicated by a plat in 1837, was fenced in and trees planted upon it in 1852 by the proprietor of the lots on both sides of it, and continued to be thus occupied until 1867, without any action having ever been taken by the village authorities to accept this portion of the street, or to interfere with such occupation, the public are not authorized, by virtue of such original platting, thereafter to assert any rights over such property as a public highway.

*Submitted on briefs June 10. Decided June 18.*

Appeal in Chancery from Washtenaw Circuit.

This is a bill to have certain premises, occupied for fifteen years past by complainant, and embraced within the limits of a street as laid out on a recorded plat of the village of Manchester, decreed to be free and clear of all incumbrance by

reason of said platted street, for want of acceptance by the public of the offer of dedication tendered by such plat; and to restrain the corporate authorities of the village from opening any street through said premises without first taking legal proceedings to condemn said lands. The decree below granted the relief prayed, and the defendants appealed.

*Hiram J. Beakes*, for complainant.

*D. Johnson*, for defendants.

MARSTON, J:

In 1837 the village of Manchester was platted; Wolverine street, as appears from this plat, was laid out between blocks forty-five and forty-six, and forty-eight and forty-nine, but did not extend beyond these last blocks. In November, 1848, complainant became the owner of an undivided one-half interest in block forty-nine, and in 1854 became sole owner of the same. In May, 1852, he purchased lot five in block forty-eight, thereby becoming owner in fee of those parcels of land. Complainant took possession of these lands upon acquiring title to the same, and in 1852 he erected a dwelling house upon lot five. He also erected a fence around this property, throwing it all into one enclosure, thus fencing in that portion over which the street was laid out. He planted apple and other fruit trees upon this portion and used it as a garden and fruit-yard in connection with his residence upon lot five. He erected a barn and used all this property as though no street had ever been laid out, and no question was raised during all this time and until October, 1867, when the committee on streets reported to the common council of Manchester that the portion of Wolverine street then enclosed and occupied by John Field be opened as soon as practicable. This report was accepted and the marshal was by the common council directed to serve notice upon the parties occupying said street, and cause the same to be opened. Further action was taken by the

village authorities afterwards, but it is unncessary to refer to the same. From this statement and from the facts in this case, it clearly appears that although there was an offer of dedication of this street to the public by a platting of the property in 1837, yet that the village authorities did not accept this portion of the street, nor did they take any action whatever in reference to the same until 1867, or thirty years after the offer of dedication made by the owner; and during the last fifteen years, and upwards of this time, the present complainant had been using this property in a manner entirely inconsistent with the idea that the public had any rights therein whatever, and the village authorities permitted this inconsistent use to be made of it.

It is very evident that something more than a mere offer of dedication by platting is necessary in order to make it a public highway. There must be an acceptance on the part of the public. When a person in platting property maps out streets thereon, the authorities may accept them in whole or in part. An acceptance of a part, is no acceptance of the whole. They may take and use what the public necessities in their opinion requires, and they are not bound thereby to assume the burdens and responsibilities of opening, grading and keeping in repair the other portions. In case they do not, however, within a reasonable time accept of the streets thus offered to be dedicated, the owners of the lands fronting thereon, may again take possession of the property and treat it as though,- in all respects, no offer of dedication had ever been made. An acceptance by the public was necessary to make the dedication complete; and this acceptance not having been made within a reasonable time, the party owning the property could revoke what he had done. A stronger case of abandonment than the facts in this case presents cannot well be found.

These views are so fully sustained by prior decisions in this court that no further discussion is deemed necessary.— See *People v. Beaubien, 2 Doug., 270 ; People v. Jones, 6 Mich., 177 ; Lee v. Lake, 14 Mich., 12 ; Baker v. John-*

32 MICH.—36.

*ston, 21 Mich., 319; Detroit v. Detroit & M. R. R. Co., 23 Mich., 174.*

The decree of the court below must be affirmed, with costs.

The other Justices concurred.