## MARTHA McCLUNG v. JOSEPH McCLUNG.

*Time for appealing from decrees entered in vacation.*

When a decree is entered in vacation, notice must be given to the opposite party under Comp. L., § 4967-8; and the forty days within which an appeal must be taken runs from the date of the notice.

MOTION to dismiss appeal. Submitted and denied June 11.

*T. R. Sherwood* moved to dismiss the appeal because not taken within forty days.

*E. Bacon* contra.

PER CURIAM. It appears that the decree in this cause was entered in vacation, and that although more than the statutory period for appealing had passed since its entry, the appellant made the claim and perfected the appeal within forty days after having notice of the decree.

This brings the case within the principle of a similar motion made at the April term in 1875, in the case of *Field v. The Village of Manchester.* That case is reported on the merits, in 32 Mich., 279, but the decision on the motion does not seem to be reported. In that case the decree was made in vacation as here, but very much longer in advance of the appeal than the decree in the present case, and it was held that the party appealing was not in default for not appealing, because no notice was had of the decree until some time after its entry. We there held the time did not begin until the party had notice under § 4967 of the Compiled Laws, which is to be construed with § 4968, as making notice an essential accompaniment of the entry in vacation. Without such a rule parties can have no means of knowing what decrees are entered against them, or of taking any measures to correct grievances and errors. The decree is formally entered as of the previous term, under § 4966, and therefore a necessity arises of making inquiry. The law does not contemplate that during vacation solicitors shall be compelled to keep a daily watch in the clerk's office, but entitles them to notice before it puts them in default.

The motion is denied.