RYAN v. TOWNSHIP OF ROYAL OAK.

1. HIGHWAYS AND STREETS—DITCH ACROSS ROAD—DANGEROUS CONDITION.

An unguarded ditch approximately 4 feet wide and from 1 to 4 feet deep across a road constitutes a dangerous condition of a highway open to public travel (1 Comp. Laws 1929, § 4225).

2. SAME—DEDICATION—ACCEPTANCE.

To impose liability upon a township for injuries sustained by user of a street in platted land, the plaintiff must not only show dedication of the area as a public street but an acceptance of the dedication must also be shown (Comp. Laws 1929, §§ 4225, 13209).

3. SAME—USER—DEDICATION—ACCEPTANCE.

Mere user of a road in a platted subdivision is not enough to constitute it a public highway for not only must the road be used as a thoroughfare but the dedication thereof must be accepted by the public authorities or the control assumed by them (Comp. Laws 1929, §§ 4225, 13209).

4. SAME—PLATTED SUBDIVISION—CLOSING—CONSENT OF LOT OWNERS.

A street in a platted subdivision, which has not been made a public highway, may not be closed to traffic without the consent of lot owners if their rights were affected by depriving them of what they believe to be a street.

5. DEDICATION—PURPOSE OF APPROVAL OF PLATS—ACCEPTANCE OF STREETS.

Since the purpose of the approval by township and other public authorities of plats of land is largely to enable them to see that proposed streets correspond with streets in the adjoining territory so as to have continuity of thoroughfares, that survey is accurate and that there is conformance to township highway requirements, the mere approval of such a plat does not impose upon the township the duty to accept the streets dedicated in the plat nor make it liable for their construction, maintenance and repairs even if demand is made that the subdividers give a bond relative to improvement of the streets and such demand is not complied with (Comp. Laws 1929, §§ 4225, 13198 *et seq.*).

6. SAME—APPROVAL OF PLATS—ACCEPTANCE OF STREETS.

The approval of a plat by the local governing body is not an acceptance of the streets and passageways shown upon the plat as the local authorities still have the right to elect what streets upon the plat shall become public highways and public charges upon the municipality for their maintenance (Comp. Laws 1929, §§ 4225, 13198 *et seq.*).

7. AUTOMOBILES—BOND OF SUBDIVIDERS—DEFECTIVE HIGHWAYS—LIABILITY FOR INJURIES.

Fact that township board had required a bond of subdividers that payment would be made for the repairs and improvements in the streets of subdivision *held*, an immaterial consideration in action against township for injuries sustained when car in which plaintiff was riding ran into a ditch across a street in subdivision, where it is not shown when the bond was demanded, what circumstances attended the demand, whether or not the requirement was regarded as a condition precedent to approval of the plat or acceptance of the maintenance of the road and no bond was furnished (Comp. Laws 1929, §§ 4225, 13220).

8. SAME—DEFECTIVE HIGHWAY IN PLATTED LAND—ASSESSMENT FOR ROAD REPAIRS.

Fact that subdivision lots in platted land located in a township were located in a road district and assessed for road repairs *held*, immaterial in action for damages for injuries received because of defect in highway where road on which plaintiff, a motorist's passenger, was injured had not been accepted by township authorities as a public highway and no repairs were made on the highways in the subdivision as such an assessment is spread over the entire road district and is not limited to property on which the roads have been opened and accepted (Comp. Laws 1929, §§ 3956, 3964, 4225, 13198 *et seq.*).

9. SAME—ACCEPTANCE OF HIGHWAY A CONDITION PRECEDENT TO LIABILITY FOR FAILURE TO REPAIR.

A road in a subdivision, whose plat had been approved by the township authorities but no acceptance made of dedication for highway purposes, did not become a public highway for the maintenance of which the township was liable under statute, hence township was not liable to a motorist's passenger injured because ditch about 4 feet wide and 1 to 4 feet deep was laid across road and no barricade erected (Comp. Laws 1929, §§ 4225, 13198 *et seq.*).

10. SAME—CONVERSION OF TOWNSHIP HIGHWAYS AND ROADS IN PLATTED LANDS INTO COUNTY HIGHWAY SYSTEM—STATUTES.

Statute relative to taking over of township highways and streets and alleys in platted lands into the county highway system was not involved in action for injuries sustained by motorist's passenger because of defective condition of road in platted land where accident occurred before roads in recorded plats outside incorporated cities and villages had been taken over (Comp. Laws 1929, §§ 4225, 13198 *et seq.;* Act No. 130, Pub. Acts 1931, as amended).

Appeal from Oakland; Holland (H. Russell), J. Submitted January 18, 1939. (Docket No. 113, Calendar No. 40,391.) Decided July 6, 1939.

Case by Helen Ryan against Township of Royal Oak, a municipal corporation, for personal injuries sustained when the car in which plaintiff was riding ran into a ditch. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Clyde L. Fulton (Colin J. McRae,* of counsel), for plaintiff.

*Sherman McDonald,* for defendant.

BUTZEL, C. J.   A stipulation of facts filed herein recites that plaintiff and three companions were riding in an automobile on May 8, 1935, in the township of Royal Oak.   They were unfamiliar with the surrounding country as well as Palmer boulevard, a street located in "Symphony Park subdivision," onto which they turned from the Eleven-Mile road. There were no barricades or signs at the juncture of the two streets that indicated Palmer boulevard was closed to public travel or that there was a break in the road.   Defendant does not claim any negligence on the part of the driver when the automobile was driven into a ditch approximately 4 feet wide and 1 to 4 feet deep which extended across the road.   As a result, plaintiff sustained severe and painful injuries.   It was agreed that $1,000 would be a fair compensation for such injuries and ensuing expenses, if plaintiff's right to recover were established.

Symphony Park subdivision was platted in 1922. The plat, as approved by the township board of the township of Royal Oak, by the auditors of Oakland county and the auditor general of the State of Michigan, was duly recorded.   It dedicated certain described streets and alleys to the public, including · that portion of Palmer boulevard on which the accident occurred.   Subsequent to the approval of the plat, the township board passed no official resolution formally accepting the streets and alleys of the subdivision.   It is stipulated that at the time of the approval of the plat or subsequent thereto, the exact time being unknown, the township board required

the proprietors of the subdivision to file a bond for the payment of repairs and improvements to the street. Such bond was never furnished to the township by the subdividers. On the other hand, the township never undertook any repairs or improvements to the subdivision street. There is no claim or showing of a contract by the subdividers to make repairs or improvements.

The parties concede that the unguarded ditch intersecting Palmer boulevard constituted a dangerous condition of the highway, and that if Palmer boulevard is found to be a highway in the township of Royal Oak, the township is liable for plaintiff's damages because of its failure to comply with 1 Comp. Laws 1929, § 4225 (Stat. Ann. § 9.593) which imposes the duty on the township to keep in reasonable repair all public highways and streets within its jurisdiction and control which are open to public travel. The court held the township liable and entered a judgment for $1,000 in plaintiff's favor. Defendant appeals.

Palmer boulevard is claimed to have been dedicated to the township of Royal Oak. The intention of the subdividers to dedicate the area as a public street is manifested by the plat which they filed (3 Comp. Laws 1929, § 13209 [Stat. Ann. § 26.442]), but it is settled that an acceptance of the dedicated street must also be made out. Mere user of a road in a platted subdivision is not enough; not only must the road be used as a thoroughfare, but the dedication must be accepted by the public authorities or the control assumed by them. *Chapman* v. *City of Sault Ste. Marie,* 146 Mich. 23; *South Branch Ranch Co.* v. *Emery,* 191 Mich. 188; *Murphey* v. *Township of Lee,* 239 Mich. 551. The last decision applies to the particular facts in this case. Even had there been no acceptance or control by public authorities, the

street could not be closed without the consent of the owner of a lot in the subdivision if his rights were affected by depriving him of what he believed to be a street.

The question may be narrowed down to whether the approval of a plat by the township authorities constituted of itself an acceptance of the dedicated streets. As revealed by the platting statute,* the purpose of the approval by the township authorities is largely to enable them to see that the proposed streets correspond with streets in adjoining territory so as to have continuity of thoroughfares (3 Comp. Laws 1929, §§ 13225, 13226 [Stat. Ann. §§ 26.458, 26.459]). The township governing body examines the plats for accuracy and closure of survey, for proper kind and location of monuments. It verifies the legibility of the drawing, and may reject plats of insufficient accuracy (3 Comp. Laws 1929, § 13216 [Stat. Ann. § 26.449]). Approval of the plat is made where the township determines that the lands are suitable for platting purposes. Conformity to township highway requirements may be compelled (3 Comp. Laws 1929, § 13217 [Stat. Ann. § 26.450]). A similar power of approval is in turn given to the county plat board which next passes on the validity of the plat (3 Comp. Laws 1929, § 13224 [Stat. Ann. § 26.457]). The county board not only can enforce county road requirements, but it may examine the plat with reference to previous adjoining and proximate plats and State or Federal aid roads (3 Comp. Laws 1929, § 13225 *et seq.* [Stat. Ann. § 26.458 *et seq.*]). Finally, the plat is sent to the auditor general for approval, filing and recording (3 Comp. Laws 1929, § 13231 *et seq.* [Stat. Ann. § 26.464 *et seq.*]). In appropriate cases the State highway com-

---

* See 3 Comp. Laws 1929, § 13198 *et seq.* (Stat. Ann. § 26.431 *et seq.*).—REPORTER.

missioner may further approve the plat (3 Comp. Laws 1929, § 13234 [Stat. Ann. § 25.467]).

The township authorities may in addition require that the proposed streets be graveled or cindered (3 Comp. Laws 1929, § 13217 [Stat. Ann. § 26.450]), and may demand a surety bond to be given to insure the performance of any contract relation with the township relative to the improvement of such streets after the plat is approved (3 Comp. Laws 1929, § 13220 [Stat. Ann. § 26.453]). All of these provisions, however, do not impose upon the township the duty to accept the streets described in the plat, nor by the mere approval of a plat does it become liable for the construction, maintenance and repairs of a platted street, even if demand is made that the subdividers give a bond, and such demand is not complied with. Notwithstanding appellee's efforts to distinguish them from the instant case, the following cases, decided under earlier platting statutes, indicate that mere approval of a plat cannot be held acceptance by the public authorities of the land dedicated in the plat. *County of Wayne* v. *Miller,* 31 Mich. 447; *Swartwout* v. *Township of Caledonia,* 240 Mich. 398; *In re Oakes,* 249 Mich. 494.

The same result has been reached by the courts of other jurisdictions considering statutes similar to our present one. In *Nimpfer* v. *Village of Fox Lake,* 334 Ill. 46 (165 N. E. 143), the court said:

"The owner of the property cannot, by making a plat of an addition to a city, impose upon the public authorities the burden of caring for the streets and alleys included in his subdivision of the property. (Citing cases.) The approval of the plat by the city council is not an acceptance of the streets and passageways shown upon the plat. Notwithstanding such approval, the city still has the right to elect what streets upon the plat shall become public highways

and public charges upon the municipality for their maintenance.''

See, also, *Hoerrmann* v. *Railway Co.,* 309 Ill. 524 (141 N. E. 289); *Western Springs Park District* v. *Lawrence,* 343 Ill. 302 (175 N. E. 579); *Wallner* v. *Barry,* 207 Cal. 465 (279 Pac. 148).

We are not unmindful of the tremendous real estate boom in the predepression years when farm lands within a radius of many miles from industrial and business centers were indiscriminately subdivided with the expectation of selling residence and business lots to the public. Miles and miles of streets set out in these plats could be of only occasional, if any, use to the public. The law does not impose the burden of improving and maintaining such streets and highways on townships and municipalities simply because the plats on which they were conceived were found to be regular and unobjectionable under the provisions of the platting statutes and consequently approved.

Although it is stipulated that the township board required the subdividers to file a bond for payment of the repairs and improvements of the streets, it is not shown when the bond was demanded, what circumstances attended the demand, and whether or not the requirement was regarded as a condition precedent to approval of the plat or acceptance of the maintenance of the road. Furthermore, no bond was furnished by the subdividers. In such case, it cannot be regarded as a material consideration.

Likewise, the fact that Symphony Park subdivision lots were assessed for road repairs is not material since the repairs were not made on the highways in the subdivision. Neither is it shown that the acceptance or nonacceptance of the highway have any relation to the levying of the assessment. By

supplemental stipulation it appears that the levy was made in accordance with 1 Comp. Laws 1929, § 3964 (Stat. Ann. § 9.69), which makes no distinction in the assessments for road repairs between property adjoining dedicated or nondedicated streets. By 1 Comp. Laws 1929, § 3956 (Stat. Ann. § 9.61), the assessment is spread over the entire road district and is not limited to property on which the roads have been opened and accepted.

There being no showing whatsoever that Palmer boulevard was accepted by the township, it did not become a public highway for the maintenance of which the township was statutorily liable. Plaintiff, consequently, cannot recover from it.

It should be noted that the provisions and effect of Act No. 130, Pub. Acts 1931, as amended by Act No. 132, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 4018-1, Stat. Ann. § 9.141), are in no way involved since the accident occurred before the "taking over" of the platted streets and alleys within the contemplation of that statute.

The judgment of the lower court is reversed, with costs to appellant and without a new trial.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.