### SHEWCHUCK *v.* CITY OF CHEBOYGAN.

1. DEDICATION — ACCEPTANCE OF OFFER — TIME — CONTINUOUS RE-NEWAL.

   An offer to dedicate land for public highway purposes, contained in a plat of land, must be accepted, within a period sufficient to bar all actions for the recovery of lands under the statute of limitations unless the circumstances are such as to make a continuous renewal of the offer.

2. MUNICIPAL CORPORATIONS—PLAT—ACCEPTANCE OF GRANT.

   A grant of a 16-1/2′ strip of land in an 1874 plat for use as a highway was no longer open for acceptance in 1961 because of the considerable lapse of time.

3. ADVERSE POSSESSION—EVIDENCE.

   Evidence presented in suit against city to enjoin city's use of 16-1/2′ strip of land for tenants of city housing commission *held*, insufficient to establish plaintiffs' title by adverse possession.

4. DEDICATION—NONACCEPTANCE.

   Defendant city's nonacceptance of dedication of 16-1/2′ strip of land, by nonuser, barred the city from claiming any rights in disputed portion of such strip.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4]  16 Am Jur, Dedication §§ 39–41.
[3]  3 Am Jur 2d, Adverse Possession § 253.
[5]  5 Am Jur 2d, Appeal and Error §§ 1011, 1012.

5. COSTS—INJUNCTION—REMAND—PARTITION OF NONACCEPTED LAND.
   No costs are allowed on appeal upon reversal of decree denying
   injunction against city as to use of 16–1/2′ strip of land
   and remanding case for proceedings relative to division of
   nonaccepted land among the abutting owners.

Appeal from Cheboygan; Glennie (Philip J.), J., presiding. Submitted December 3, 1963. (Calendar No. 106, Docket No. 50,144.) Decided December 27, 1963.

Bill by Nicholas Shewchuck, Florence Shewchuck, and Caroline Elliott against the City of Cheboygan, a municipal corporation, to enjoin opening of an alley. Cheboygan Housing Commission intervened as party plaintiff, and other adjoining land owners were joined at direction of the court. Bill dismissed. Plaintiffs appeal. Reversed and remanded.

*Douglass G. MacGregor,* for plaintiffs.

KELLY, J. May 21, 1874, McArthur Smith & Company recorded its plat of land in the then village of Cheboygan. The plat designated a 16–1/2 foot strip as an alley with a dedication clause stating, "all the streets and alleys laid down in the annexed plat as aforesaid, the same to be used as public highways only."

Plaintiffs Nicholas and Florence Shewchuck are purchasing lot 6, block 6, of the McArthur Smith & Company plat, on land contract from plaintiff Caroline Elliott. Defendants Cheboygan Housing Commission owns lots 3, 4, and 5, block 6, of said plat.

Defendant city entered with earth moving equipment and commenced to convert said 16–1/2 foot strip into a private highway for the benefit of tenants of the Cheboygan Housing Commission.

Plaintiffs sought and obtained a temporary injunction against defendant city, and defendant Cheboy-

:gan Housing Commission sought and obtained leave to intervene.

Defendant city's motion to dismiss was denied, but the court instructed plaintiffs to file an amended bill of complaint joining defendants Poirer and Van Antwerp, in order that all possible parties in interest would be joined in the action and bound thereby. The supplemental amended bill of complaint was filed on December 7, 1961.

Plaintiffs' lot abuts approximately the southeastern quarter of the so-called alley; defendants Van Antwerp have the land abutting said alley on the northeastern quarter; defendants Poirer have the land abutting the northwestern quarter of the alley strip, and defendant Cheboygan Housing Commission has the land abutting the southwestern quarter thereof.

A trial was had and plaintiffs introduced their proof. Defendants did not introduce proof. The court dismissed the bill without costs and denied motion for new trial. From such decree and order, plaintiffs appeal.

Defendants have not filed a brief, nor in any way resisted plaintiffs' appeal to this Court.

Plaintiffs seek the following relief:

"That this Court reverse the lower court by holding that, by its nonacceptance of the dedication and by nonuser, defendant city is forever barred from claiming any rights in the disputed portion of the strip in question and that a suitable injunctive order be issued accordingly"; and

"That this Court hold that plaintiffs have good title to the disputed strip by adverse possession, or, in the alternative, by abandonment in which case the whole strip should be divided according to abutting footage on the strip, among plaintiffs and defendants Van Antwerp, Poirer and Cheboygan Housing Commission."

The trial court, in its opinion, held:

"The evidence further indicates that prior to the decision of the city of Cheboygan to construct a low rent housing unit, it had never officially accepted the dedication either formally or by user.   *   *   *

"As to what will constitute a sufficient acceptance of an offer to dedicate, it is settled in this State that it is not necessary that any formal action be taken by a municipality in order to constitute an acceptance of the highway or street, but making improvements and repairs and user thereof or any portion thereof are amply sufficient to constitute acceptance.

"While an acceptance of a dedication of streets in a plat must be made within a reasonable time, what shall be considered such a time must be largely governed by the surrounding circumstances so long as the original proprietor or those claiming through him take no steps to withdraw the offer, it is considered as continuing. *In re Petition of Bryant,* 323 Mich 424. In this case, when the city determined to construct a housing unit and open the alley at that time, the dedication was complete."

We disagree with the trial court's finding that the 1961 action by the city constituted acceptance within a reasonable time, and we refer to the early 1875 decision of *County of Wayne* v. *Miller,* 31 Mich 447, wherein this Court stated (pp 449, 450):

"Without venturing to express any definite opinion whether such a plat should be regarded as a grant or as a mere offer to dedicate, it is very clear to our minds that it is one or the other, or perhaps partakes of the nature of both, and that some action by competent public authority is essential before it can have the intended effect. If the plat is only an offer to dedicate, the offer must be accepted or it may be withdrawn; and after any considerable lapse of time must be regarded as no longer open for acceptance, unless the circumstances are such as to make. the offer continuous.   *   *   *

"After what length of time such an offer must be regarded as withdrawn, circumstances may perhaps determine, but unless there were facts equivalent to a continuous renewal of the offer, it cannot be considered open after the lapse of a period of time sufficient to bar all actions for the recovery of lands under the statute of limitations."

An acceptance in 1961 of a grant made in 1874 is certainly a "considerable lapse of time" and it is, therefore, manifest that the grant was no longer open for acceptance in 1961.

We agree with the trial court that the evidence was not sufficient to establish appellants' title by adverse possession.

The defendant city by its nonacceptance of the dedication and by nonuser is barred from claiming any rights in the disputed portion of the strip in question, and the case is remanded so that a suitable order may be issued accordingly, and, further, for such proceedings as are necessary to grant appellants' prayer for relief, namely, that "the whole strip * * * be divided according to abutting footage on the strip, among plaintiffs and defendants Van Antwerp, Poirer, and Cheboygan Housing Commission.

Reversed and remanded. No costs.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.