VIVIAN v ROSCOMMON COUNTY BOARD OF ROAD
COMMISSIONERS

Docket Nos. 91318, 91325. Submitted February 3, 1987, at Lansing.
Decided November 2, 1987. Leave to appeal applied for.

Mary A. Vivian owns in fee simple land identified as Block 1 and
Block A, Michigan Central Park, Lyon Township, Roscommon
County, Michigan. Block A is a triangular plot of land west of
Higgins Lake, separated from the lake by Michigan Central
Park Boulevard. Block 1 is a rectangular plat due west of Block
A, separated from Block A by Albermarle Street. Block 1 is
bisected by an alley. Block A and Block 1 are bounded to the
north by Hallie Avenue and bounded on the south by New-
man's Drive. Hallie Avenue and Newman's Drive intersect
Michigan Central Park Boulevard at the lake. Vivian filed a
complaint pursuant to the Subdivision Control Act in Roscom-
mon Circuit Court seeking to vacate Albermarle Street, Michi-
gan Central Park Boulevard and the alley in Block 1 from the
plat recorded in 1901. The Roscommon County Board of Road
Commissioners and Roscommon County Drain Commission
(hereafter collectively referred to as the county), the Michigan
State Treasurer and Department of Commerce (hereafter collec-
tively referred to as the state), and Lyon Township answered
plaintiff's complaint. The parties waived trial and stipulated to
a set of facts, upon which the trial court, Carl L. Horn, J.,
issued an opinion and entered a judgment granting plaintiff's
request. Separate appeals by the county and the state were
consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The trial court did not clearly err in finding that plaintiff
had set forth sufficient reasons as required by § 223(b) of the
Subdivision Control Act for the vacation of the roads by stating
that (1) the public has never used the roads for any purpose, (2)
her garage is partially located on Albermarle Street and (3) the

REFERENCES

Am Jur 2d, Dedication §§ 22 *et seq.*; 41 *et seq.*
Am Jur 2d, Zoning and Planning §§ 163 *et seq.*
Validity and construction of regulations as to subdivision maps or
plats. 11 ALR2d 524.

roads present a severe cloud upon the title and marketability of her property.

2. Under the set of facts stipulated to by the parties, dedication of the roads at issue was never accepted by Roscommon County or Lyon Township. Additionally, reliance by defendants on § 225b of the Subdivision Control Act, which vests fee title to land dedicated to the use of the public when a municipality establishes a ten-year lapse of time after an offer of dedication and establishes that the dedication has not been withdrawn by the proprietor, is misplaced since § 225b became effective on December 22, 1978, with no indication by the Legislature that it ought to be given retroactive effect. Thus, with the roads not having been properly dedicated and accepted, the trial court properly granted plaintiff's request for vacation and no resolution or other legislative enactment, which would have been required under § 226(1)(c) of the act had there been an acceptance of the dedication, was necessary to grant plaintiff's request.

Affirmed.

1. DEDICATION — PLATS — REMEDIES — SUBDIVISION CONTROL ACT — APPEAL.

The Court of Appeals will not disturb a circuit court's disposition of a complaint that seeks to vacate, correct or revise a recorded plat or any part of it pursuant to the Subdivision Control Act unless the circuit court's findings are clearly erroneous; a finding is clearly erroneous when, although there is evidence to support it, the Court of Appeals on the entire record is left with a definite and firm conviction that a mistake has been committed (MCL 560.101 *et seq.*; MSA 26.430[101] *et seq.*; MCR 2.613).

2. DEDICATION — PLATS — REMEDIES — PLEADING — SUBDIVISION CONTROL ACT.

A complaint in circuit court seeking the vacation, correction or revision of a recorded plat or any part of it must set forth reasons for the vacation, correction or revision (MCL 560.223[b]; MSA 26.430[223][b]).

3. DEDICATION — ACCEPTANCE — PUBLIC USE.

Land is not considered dedicated to the public unless the owner of the fee appropriates it to some public use and it is accepted for such use by or in behalf of the public.

4. DEDICATION — ACCEPTANCE — SUBDIVISION CONTROL ACT.

The Legislature did not give retroactive effect to a provision of the Subdivision Control Act which became effective on December 22, 1978, and provides that fee title to land dedicated to

public use shall vest in a municipality where such municipality establishes a ten-year lapse of time after the offer of dedication and establishes that the dedication has not been withdrawn by the proprietor (MCL 560.255b; MSA 26.430[255b]).

*Robert K. Huber,* for plaintiff.

*Daniel L. Sutton,* for Roscommon County Board of Road Commissioners and Roscommon County Drain Commission.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Kevin T. Smith,* Assistant Attorneys General, for the State Treasurer and Department of Commerce.

Before: BEASLEY, P.J., and CYNAR and R. C. ANDERSON,* JJ.

R. C. ANDERSON, J. Defendants Roscommon County Board of Road Commissioners and Roscommon County Drain Commission and defendants Michigan State Treasurer and Department of Commerce appeal as of right from a March 3, 1986, judgment entered by the Roscommon Circuit Court granting plaintiff's petition to vacate three platted roads in Lyon Township, Michigan. We affirm.

Plaintiff owns in fee simple land identified as Block 1 and Block A, Michigan Central Park. The land is located in Lyon Township, Roscommon County, Michigan, just west of Higgins Lake. Block A is a triangular plot of land west of Higgins Lake, separated from the lake by Michigan Central Park Boulevard. Block 1 is a rectangular plot due west of Block A, separated from Block A by Albemarle Street. Block 1 is bisected by an alley. Block A and Block 1 are bounded to the north by

* Circuit judge, sitting on the Court of Appeals by assignment.

Hallie Avenue and bounded on the south by New-
man's Drive. Hallie Avenue and Newman's Drive
intersect Michigan Central Park Boulevard at the
lake.

According to a stipulated set of facts, the perim-
eter of Block 1 and Block A is bounded by a white
wooden fence, blocking off the property and the
three roads from Newman's Drive and Hallie Ave-
nue. Additionally, the area is thickly overgrown
with large trees and underbrush.

On August 8, 1984, plaintiff filed a complaint to
vacate Albemarle Street, Michigan Central Park
Boulevard, and the alley in Block 1 according to
§§ 221 through 229 of the Subdivision Control Act,
MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.* In
her complaint, plaintiff did not set forth specific
reasons for the vacation, but stated merely that
the roads do not abut any other property except
plaintiff's, that the roads have no useful purpose to
anyone but plaintiff, and that the plaintiff wished
to have the roads vacated. Plaintiff also alleged
that none of the three roads had ever been ac-
cepted by Lyon Township or the county, and they
had not been maintained by either party.

The state, county, and Lyon Township answered
her complaint, generally denying that the roads
were never opened and the dedication never ac-
cepted. On March 6, 1985, plaintiff filed an
amended complaint, alleging adverse possession
and asking the court to award her fee simple title
in the three roads. Attached to the amended com-
plaint was an affidavit stating reasons for her
request for vacation of the roads. The affidavit
stated that the roads should be vacated because
the public had never used them for any purpose
whatsoever, because her garage is partially located
on Albemarle Street, and because the unimproved

roads are a cloud upon the title and marketability of her property.

Sometime thereafter, the parties stipulated to waive a trial and submit the case to the court on the pleadings and legal briefs. The parties attached to the stipulation a list of admitted facts. The trial court viewed the property on October 9, 1985.

On January 21, 1986, the circuit court issued its opinion granting plaintiff's request. The court held that plaintiff had satisfied the requirements of §§ 221 through 229 of the Subdivision Control Act. Further, it found that the offers of dedication in the parcels had never been accepted and that it could not rule the alley and Albemarle Street to be vacated without vacating Michigan Central Park Boulevard also. Finally, the court found that plaintiff's pleadings satisfied the statutory requirement that plaintiffs list in their complaint reasons for the vacation. On March 3, 1986, the court signed a judgment in accordance with its opinion.

The state and the county appeal as of right. Lyon Township is not a party to this appeal. The state appeals only the vacation of Michigan Central Park Boulevard, whereas the county appeals the vacation of all three roads.

First, the state argues that plaintiff's complaint set forth insufficient reasons to vacate Michigan Central Park Boulevard. MCL 560.223(b); MSA 26.430(223)(b) provides that a complaint to vacate land must set forth reasons for seeking the vacation. The circuit court held that plaintiff's pleadings satisfied this requirement.

The standard of review is as follows. Only if the trial court's findings are clearly erroneous will they be set aside on appeal. MCR 2.613. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the

entire record is left with a definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

Under the clearly erroneous standard we cannot find that the trial court erred. While plaintiff did not state specific reasons for vacation in her complaint, she met the requirement in her affidavit attached to her amended complaint. There she gave the following reasons: (1) the public has never used the roads for any purpose; (2) her garage is partially located on Albemarle Street; and (3) the roads present a severe cloud upon the title and marketability of her property. We find these reasons sufficient to satisfy the requirements of MCL 560.223(b); MSA 26.430(223)(b).

Second, both the state and the county argue that the trial court erred by not applying MCL 560.255b; MSA 26.430(255b) to deny the vacation of the three roads.

MCL 560.221; MSA 26.430(221) provides that the circuit court may vacate, correct, or revise all or part of a recorded plat. However, there are certain exceptions to the court's powers. One such exception is shown in MCL 560.226(1)(c); MSA 26.431(226)(1)(c), which provides:

> A part of a street or alley under the jurisdiction of a city, village or township and a part of any public walkway, park, or public square or any other land dedicated to the public for purposes other than pedestrian or vehicular travel shall not be vacated, corrected, or revised under this section except by both a resolution or other legislative enactment duly adopted by the governing body of the municipality and by court order.

Thus, if the three roads are under the jurisdiction of the township, they may not be vacated without

resolution of the township board in addition to the court order.

In *Nelson v Roscommon Co Rd Comm,* 117 Mich App 125, 131; 323 NW2d 621 (1982), this Court ruled that, in order for § 226(1)(c) to control, the land in question must have been "dedicated to the public." Land is not considered dedicated to the public unless the owner of the fee appropriates it to some public use, and it is accepted for use on behalf of the public. *Nelson, supra,* 131. Acceptance must be manifested by some act of the public authorities, either formally confirming or accepting the dedication and ordering the opening of such street, or by exercising authority over it in some of the ordinary ways of improvement or regulation. *Jones v Crawford Co Rd Comm,* 45 Mich App 110, 115; 206 NW2d 267 (1973).

The original plat, dated 1901, contained the following dedication language, "The streets and alleys as shown on said plat are hereby dedicated to the use of the public." However, by the facts admitted by the parties, it is clear that the dedication of the three roads was never accepted by the county or township. The state and county stipulated that the three roads had never been developed, improved or maintained as public roads or public areas, nor were they certified as part of the Roscommon County road system by the county board of road commissioners.

Nonetheless, the state and the county argue acceptance of the roads by virtue of § 255b, which provides that, ten years after the date a plat is first recorded, land dedicated to the use of the public in or upon the plat shall be presumed to have been accepted on behalf of the public by the municipality within whose boundaries the land lies. MCL 560.255b; MSA 26.430(255b). We find that the trial court did not err by not applying

this statutory presumption since we hold it inapplicable to this case. This statutory presumption of acceptance did not become part of the Subdivision Control Act until 1978. 1978 PA 556, § 1, immediately effective December 22, 1978. Appellants argue that this section should be applied retroactively. We do not agree.

If an amendment to a statute affects substantive property rights, it is presumed not to operate retroactively unless the Legislature clearly and unequivocally has indicated otherwise. *Nelson, supra,* 130. Section 255b confers substantive property rights, i.e., the statute vests fee title to land dedicated to the use of the public in a municipality, in trust for the public, if that municipality establishes a ten-year lapse of time after an offer of dedication and establishes that the dedication has not been withdrawn by the proprietor. There is no clear and unequivocal indication that the Legislature intended the statute to operate retroactively and thus we hold it inapplicable to this case. Furthermore, our Supreme Court has ruled that acceptance must be made within a reasonable time and that, after a "considerable lapse of time," such as the statute of limitations for recovery of land, the grant is no longer open for acceptance. *Shewchuck v City of Cheboygan,* 372 Mich 110, 114; 125 NW2d 273 (1963). The limitations period for recovery of this land expired long ago. See MCL 600.5821; MSA 27A.5821.

Since appellants have not shown that the township accepted the proprietor's offer to dedicate the three roads, the roads are not under the township's jurisdiction, and § 226(1)(c) does not apply. The circuit court order granting plaintiff's petition to vacate three platted roads is affirmed.

Affirmed.