VIVIAN v ROSCOMMON COUNTY BOARD OF ROAD
COMMISSIONERS

Docket No. 82555. Argued April 4, 1989 (Calendar No. 4). Decided
September 28, 1989.

Mary A. Vivian, brought an action in the Roscommon Circuit
Court against the Roscommon County Board of Road Commis-
sioners and others, seeking to vacate an alley, street, and
boulevard, dedicated to public use in a 1901 plat, which she had
fenced, cared for, and maintained for over forty years. The
court, Carl L. Horn, J., entered a judgment for the plaintiff on
stipulated facts. The Court of Appeals, BEASLEY, P.J., and
CYNAR and R. C. ANDERSON, JJ., affirmed (Docket Nos. 91318,
91325). The State Treasurer and Department of Commerce
appeal.

In an opinion by Justice LEVIN, joined by Justices BRICKLEY,
CAVANAGH, ARCHER, and GRIFFIN, the Supreme Court *held:*

Withdrawal before December 22, 1978, including a with-
drawal during the ten-year period preceding the enactment on
that date of § 255b of the Subdivision Control Act, of a dedica-
tion of land for public use in the manner provided by the
common law, including use by an adjoining property owner
inconsistent with the continuation of the offer, recording notice
of withdrawal, or commencement of an action against the
governing body to vacate the offer of dedication before accep-
tance, rebuts the presumption of acceptance set forth in
§ 255b(1).

1. The amendment of the Subdivision Control Act adding
§ 255b provides that ten years after the date a plat is first
recorded, land dedicated to public use in the plat is presumed
to have been accepted unless rebutted by evidence either that,
as set forth in clause (2)(a), the dedication was withdrawn by
the plat proprietor before acceptance and before the effective
date of the act, or that, as set forth in clause (2)(b), before
acceptance notice of the withdrawal of dedication was recorded

REFERENCES

Am Jur 2d, Dedication §§ 41 *et seq.*
See the Index to Annotations under Dedication.

and notice sent to the State Treasurer within ten years after the plat was first recorded.

2. It is well established that a dedication in a plat of a street, alley, or other land for a public use, whether viewed as a grant or an offer, is ineffectual unless accepted by the public. Unless there are facts equivalent to a continuous renewal of the offer, it cannot be considered open after the lapse of a period of time sufficient to bar all actions for the recovery of lands under the statute of limitations. Where the proprietor has put the dedicated land to a use which is inconsistent with the idea that the offer is any longer open, the offer is deemed withdrawn and cannot thereafter be accepted.

3. In this case, the 1901 offer to dedicate the land was withdrawn for over forty years, when a fence was erected around most of the perimeter, blocking off most of the area from public access. Its occupancy, along with the care and maintenance provided by the plaintiff for over forty years is entirely inconsistent with the idea that the public had any rights in it and constituted a withdrawal of the offer of dedication in the plat. The dedication was withdrawn before the effective date of either the Subdivision Control Act or its 1978 amendment.

Affirmed.

Justice BOYLE, joined by Chief Justice RILEY, concurring in part and dissenting in part, stated that Subdivision Control Act, § 255b(2)(a), applies to all plats recorded before December 22, 1978, where the dedication was withdrawn before that date and before acceptance. After December 22, 1978, an owner of property adjoining land that has been dedicated in a plat for public use may not withdraw an unaccepted offer of dedication without recording notice of the withdrawal. The Legislature clearly indicated its intent that after 1978, by virtue of § 255b(2)(b), notice of withdrawal must be recorded within ten years after the date the plat of land was first recorded and before acceptance in order to be effective. The very purpose of the amendment was to establish property rights in this type of situation without the involvement of the courts and within a reasonable time period.

164 Mich App 234; 416 NW2d 394 (1987) affirmed.

DEDICATION — ACCEPTANCE — WITHDRAWAL OF OFFER — SUBDIVISION CONTROL ACT.

Withdrawal before December 22, 1978, including a withdrawal during the ten-year period preceding the enactment on that date of § 255b of the Subdivision Control Act, of a dedication of

land for public use in the manner provided by the common law (including use by an adjoining property owner inconsistent with the continuation of the offer, recording notice of withdrawal, or commencement of an action against the governing body to vacate the offer of dedication before acceptance) rebuts the presumption of acceptance set forth in § 255b(1) (1978 PA 556, MCL 56.255b; MSA 26.430[255b]).

*Robert K. Huber* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Gary L. Hicks,* Assistant Attorneys General, for the defendants.

LEVIN, J. Mary A. Vivian commenced this action against the governmental defendants[1] to vacate an alley, street, and boulevard dedicated to public use in a 1901 plat. The dedication had not been accepted by any of the defendants. The circuit judge entered a judgment vacating the alley, street, and boulevard, and the Court of Appeals affirmed.[2] We granted leave to appeal[3] limited to the issue whether a 1978 amendment[4] of the Subdivision Control Act of 1967[5] was applicable to this case. We affirm.

A

The 1978 amendment added § 255b to the Subdivision Control Act. Section 255b provides that ten

---

[1] Roscommon County Board of Road Commissioners and Roscommon Drain Commission, Lyon Township, the Michigan State Treasurer, and the Department of Commerce.

[2] *Vivian v Roscommon Co Bd of Rd Comm'rs,* 164 Mich App 234; 416 NW2d 394 (1987).

[3] *Vivian v Roscommon Co Bd of Rd Comm'rs,* 431 Mich 870; 429 NW2d 594 (1988).

[4] 1978 PA 556, MCL 560.255b; MSA 26.430(255b).

[5] 1967 PA 288, MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.*
Act 288 provided that "[t]his act shall take effect on January 1, 1968." MCL 560.293; MSA 26.430(293).

years after the date a plat is first recorded, land dedicated to the use of the public in a plat shall be presumed to have been accepted unless rebutted by evidence establishing either "(a) That the dedication, before the effective date of this act and before acceptance, was withdrawn by the plat proprietor" or "(b) That notice of the withdrawal of dedication is recorded" within ten years after the plat was first recorded and before acceptance of the dedicated lands.[6]

B

The Attorney General[7] contends that although the dedication in the plat of the alley, street, and boulevard had not in fact been accepted by the county road commission or the township, that, by virtue of § 255b, the dedication of the alley, street, and boulevard is presumed to have been accepted,

---

[6]  (1) Ten years after the date the plat is first recorded, land dedicated to the use of the public in or upon the plat shall be presumed to have been accepted on behalf of the public by the municipality within whose boundaries the land lies.

(2) The presumption prescribed in subsection (1) shall be conclusive of an acceptance of dedication unless rebutted by competent evidence before the circuit court in which the land is located, establishing either of the following:

(a) That the dedication, before the effective date of this act and before acceptance, was withdrawn by the plat proprietor.

(b) That notice of the withdrawal of the dedication is recorded by the plat proprietor with the office of the register of deeds for the county in which the land is located and a copy of the notice was forwarded to the state treasurer, within 10 years after the date the plat of the land was first recorded and before acceptance of the dedicated lands. [1978 PA 556, MCL 560.255b; MSA 26.430(255b).]

Act 556 was approved December 22, 1978, with immediate effect.

[7] The Attorney General appeared in behalf of the State Treasurer and the Department of Commerce. The township did not appeal in the Court of Appeals. The county defendants have not applied for leave to appeal in this Court.

The township and the county defendants opposed vacation of the alley, street, and boulevard in the circuit court. The state defendants challenge only the vacation of the boulevard, which runs along the shoreline of a lake.

absent evidence to the contrary. The Attorney General further contends that Vivian had introduced no evidence of withdrawal of the dedication.

The Attorney General continues that since the dedication was not withdrawn by Vivian before the effective dates of the subdivision control or amendatory acts, the condition of clause (a) above was not met, and, since a notice of withdrawal was not recorded within ten years of the recording of the plat, the condition of clause (b) above was not met. In conclusion, he asserts that, accordingly, acceptance of the dedication was conclusively presumed, and the circuit court[8] and the Court of Appeals[9] erred.

---

[8] The circuit judge said that on the basis of the stipulation of facts and his view of the property he was satisfied that the facts in the instant case were akin to those in *Nelson v Roscommon Co Rd Comm,* 117 Mich App 125, 131-132; 323 NW2d 621 (1982). He said that "the three parcels involved have never been accepted for public use" and that the instant "cause involves a different plat of Michigan Central Park" than the one dealt with by this Court in *McCardel v Smolen,* 404 Mich 89; 273 NW2d 3 (1978).

In *Nelson,* the Court of Appeals affirmed the decision of the circuit judge vacating a portion of another street in a Michigan Central Park subdivision platted in 1901. The portion of the street had never been open to pedestrian or vehicular traffic or any other public use. It was covered with grass, trees and underbrush and maintained by the plaintiff who owned the abutting property. A fence had been erected that crossed the street and the defendant governmental authority had taken the fence down.

The Court in *Nelson* held that the plaintiffs had standing to commence an action to vacate a street, and that although the Subdivision Control Act provides that a court may not vacate any land dedicated to the public without a resolution by the governing party (MCL 560.226[1][c]; MSA 26.430[226][1][c]), "[l]and is not considered dedicated to the public unless the owner of the fee appropriates it to some public use and it is accepted for use on behalf of the public," and "the acceptance of property for public use must be made within a reasonable time." The Court concluded that since there was neither a formal resolution nor any use of the street by the public, the dedication never became effective by the township's acceptance and the statutory prohibition barring vacation of dedicated land without a resolution by the governing body "did not prevent the court from exercising jurisdiction to vacate the platted street." Similarly see *Salzer v State Treasurer,* 48 Mich App 34, 38; 209 NW2d 849 (1973).

There was no reference in *Nelson* to the 1978 amendment adding § 255b.

[9] The Court of Appeals, citing its decision in *Nelson,* n 8 *supra,* declared that the circuit court had the authority to vacate the alley,

It appears, however, that the dedication was withdrawn by Vivian before the enactment of either the Subdivision Control Act or the 1978 amendment.

I

The parties agreed that there were no disputed facts, waived their right to trial, and submitted the cause to the court on stipulated facts.[10]

street and boulevard without a resolution of the legislative body because the dedication was never accepted.

The Court further held that § 255b was inapplicable because the statutory presumption of acceptance there set forth did not apply retroactively:

> If an amendment to a statute affects substantive property rights, it is presumed not to operate retroactively unless the Legislature clearly and unequivocally has indicated otherwise. *Nelson, supra,* 130. Section 255b confers substantive property rights, i.e., the statute vests fee title to land dedicated to the use of the public in a municipality, in trust for the public, if that municipality establishes a ten-year lapse of time after an offer of dedication and establishes that the dedication has not been withdrawn by the proprietor. There is no clear and unequivocal indication that the Legislature intended the statute to operate retroactively and thus we hold it inapplicable to this case. Furthermore, our Supreme Court has ruled that acceptance must be made within a reasonable time and that, after a "considerable lapse of time," such as the statute of limitations for recovery of land, the grant is no longer open for acceptance. *Shewchuck v City of Cheboygan,* 372 Mich 110, 114; 125 NW2d 273 (1963). The limitations period for recovery of this land expired long ago. See MCL 600.5821; MSA 27A.5821. [*Vivian, supra,* p 241.]

Section 5821 of the Revised Judicature Act, cited by the Court of Appeals, provides for a fifteen-year statute of limitations for an action by the state to recover land. This appears to go back to a twenty-year limitation set forth in 1846 Rev Stat, ch 139, § 1.

[10] This Court has said that in a contest between the owner of adjoining land and a municipality claiming that there is a public street or highway over such land, "the burden of proof is upon the municipality." *Diamond Match Co v Village of Ontonagon,* 72 Mich

Mary A. Vivian is the owner of blocks 1 and A of Michigan Central Park, a subdivision in Lyon Township, Roscommon County, Michigan. The boulevard in dispute, Michigan Central Park Boulevard, runs along the shoreline of Higgins Lake between block A and Higgins Lake.[11] Block 1 is separated by the street in dispute from block A and is bisected by the alley in dispute.

The dedication of the alley, street, and boulevard in the plat of Michigan Central Park "was never accepted or approved" by the county road commission or township. The alley, street, and boulevard "have never been by any of the Defendants; Laidout, developed, funds expended, improved or maintained as public roads or public areas," or "[c]ertified as part of the Roscommon County Road System . . . ."

There is a "white wooden and wire fence all around the perimeter" of blocks 1 and A that "completely blocks off " the alley, street, and boulevard to a bluff from and between a street to the north and a street to the south of blocks 1 and A "for over 40 years." Vivian's garage was partially located on the street, and she had "cared for and maintained" the land including the alley, street, and boulevard "for over 40 years." The alley, street, and boulevard were "thickly overgrown with large trees and underbrush."[12]

II

It is well established that a dedication in a plat of a street, alley, or other land for a public use,

_____

249; 40 NW 448 (1888). Similarly see *Smith v Auditor General,* 380 Mich 94; 155 NW2d 822 (1968).

Implicit in § 255b(1), however, is that the burden of proving withdrawal before acceptance is on the property owner.

[11] Block A has full riparian rights in Higgins Lake.

[12] It was further agreed that this is a "very sparsely populated area" of the township and that there were twenty-three public access points to Higgins Lake within one mile of Vivian's property.

whether viewed as a grant or an offer, is ineffectual unless accepted by the public.[13] Unless there are "facts equivalent to a continuous renewal of the offer, it cannot be considered open after the lapse of a period of time sufficient to bar all actions for the recovery of lands under the statute of limitations."[14] Where the proprietor has put the dedicated land "to a use which is inconsistent with the idea that the offer is any longer open,"[15] the offer is deemed withdrawn and cannot thereafter be accepted.

A

This Court held that where the owner of premises adjoining a strip of land dedicated as a street in a plat had occupied a portion of the strip for more than twenty years, and the dedication of the portion so occupied had not been accepted,[16] "the dedication to public uses must be regarded as confined to the bounds within which the action of

---

[13] *Lee v Lake,* 14 Mich 12, 18 (1865); *Wayne Co v Miller,* 31 Mich 447 (1875); *Field v Village of Manchester,* 32 Mich 279, 281 (1875); *White v Smith,* 37 Mich 290, 295 (1877); *Village of Grandville v Jenison,* 84 Mich 54, 66-67; 47 NW 600 (1890); *Ryan v Royal Oak Twp,* 289 Mich 469, 477; 286 NW 793 (1939); *In re Vacation of Cara Ave,* 350 Mich 283, 289; 86 NW2d 319 (1957); *Shewchuck v Cheboygan,* n 9 *supra,* p 113.

[14] *Wayne Co v Miller,* n 13 *supra,* p 450. See n 9, and also n 18 and accompanying text.

[15] *Lee v Lake,* n 13 *supra,* p 18.

[16] The dedication of the balance of the strip had been accepted by user. *Wayne Co v Miller,* n 13 *supra,* p 450.

In *Hooker v Grosse Pointe,* 328 Mich 621, 630; 44 NW2d 134 (1950), this Court said that an "offer to dedicate contained in a plat may be accepted informally by the public through user or expenditures of public money for the repair, improvement and control of the highway." The Court affirmed the finding of the trial court that there had been an acceptance of a street by public improvement and public user.

the public with the presumed acquiescence of the donor has practically limited it."[17]

In another case, the owner had purchased platted lots and erected a fence around a portion over which a street was laid out. He planted apple and other fruit trees on this portion and used it as a garden and fruit yard in connection with his residence. He erected a barn and used all this property as though no street had ever been laid out. He had used the property for over fifteen years "in a manner entirely inconsistent with the idea that the public had any rights therein . . . ." This Court held that, thirty years having elapsed since the offer of dedication and over fifteen years since such inconsistent use, an attempted acceptance of the dedication thereafter was not within a reasonable time.[18]

Similarly, where an offer of dedication of a street was made and nothing was done by the public to indicate acceptance of the offer for twenty years, and then the owner of the adjoining property, to which the "easement" was appurtenant, took possession of the land, built a barn on the "street," and continued to occupy the property for fourteen years "in such a way as to indicate a clear intention not to recognize the right of the public in it," this Court held that the public had no rights in the property as a result of the dedication.[19]

This Court has said that "so long as the original proprietor, or those claiming through him, take no steps to withdraw the offer, we think it must be considered as continuing," and held that an accep-

---

[17] *Wayne Co v Miller,* n 13 *supra,* p 451.

[18] *Field v Village of Manchester,* n 13 *supra,* p 281.

[19] *Village of Grandville v Jenison,* n 13 *supra,* p 67. The Court found, however, that the public had acquired rights by user.

tance almost thirteen years after a dedication was timely.[20]

Partially on that basis, this Court held that it was not too late to accept the "continuing offer" where the adjoining property owner had occupied and used an avenue by planting shrubs, trees, flowers, and a hedge, and kept the lawns mowed for over fifty years, but "[t]here was no fencing in or building on the area or occupancy adverse to the dedicated public use."[21]

In this Court's most recent decision addressing the question, it was held that a dedication in an 1874 plat of a 16½-foot strip in an alley "was no longer open for acceptance in 1961."[22]

## B

In the instant case, it is clear that the 1901 offer to dedicate the alley, street, and boulevard was withdrawn, before September, 1945,[23] when the white wooden and wire fence all around the perimeter of blocks 1 and A was erected blocking off the alley, street, and boulevard to public access to the bluff from and between the street to the north and the street to the south. The erection of the fence and Vivian's occupancy of the alley, street, and boulevard, "thickly overgrown with large trees and underbrush," which she had "cared for and maintained" "for over 40 years," was, in the words of this Court, "entirely inconsistent with the idea that the public had any rights therein,"[24] and constituted a withdrawal of the offer of dedication

[20] *White v Smith,* n 13 *supra,* pp 295-296. But see n 12 and accompanying text.

[21] *In re Vacation of Cara Ave,* n 13 *supra,* p 290.

[22] *Shewchuck v Cheboygan,* n 9 *supra,* p 114.

[23] September, 1945, was forty years before the stipulation was signed by the parties in September, 1985.

[24] See n 12.

in the plat. This was over forty years after the offer to dedicate was made in 1901—more than a reasonable period of time had elapsed without acceptance.

That withdrawal of the offer of dedication, before September, 1945, was at least twenty-two years before the enactment of the Subdivision Control Act of 1967, and at least thirty-three years before the enactment of the 1978 amendment adding § 255b.[25] However § 255b may be construed, the dedication was withdrawn before the effective date of either the Subdivision Control Act or the 1978 amendment.

III

The Attorney General asserts that no construction of § 255b will give any effect to the words "before the effective date of this act" in clause (a) "except by applying the provision to plats that existed before the effective date of the act." We agree that clause (a) applies to plats recorded before the effective date of the 1978 amendment adding § 255b. To that extent we agree with the Attorney General that the Legislature "has indicated its intent that the act should operate retroactively."

Clause (b)—requiring that notice of withdrawal of a dedication be recorded with the register of deeds and a copy forwarded to the State Treasurer within ten years after the date the plat was first recorded—could not have been intended by the Legislature to apply to a plat recorded before December 22, 1968, the date which is ten years before the enactment in 1978 of § 255b. The Legis-

---

[25] See *Ross v Gerrish Twp,* unpublished opinion per curiam of the Court of Appeals, decided December 13, 1988 (Docket No. 104296), p 8, relied on by Vivian.

lature could not have expected a citizen to be so prescient as to anticipate the specifics—recording with the register of deeds and forwarding of a copy to the State Treasurer—before the 1978 legislation was enacted.

We are persuaded that clause (a)[26] of § 255b(2) applies at least to a withdrawal before December 22, 1978, including a withdrawal during the ten-year period[27] preceding the enactment of § 255b.

Before the enactment of § 255b, the owner of property adjoining land offered in dedication could, after a reasonable period of time for acceptance had elapsed, withdraw the dedication by using the property in a manner inconsistent with the continuation of the offer of dedication.[28] An adjoining property owner who had so withdrawn the offer of dedication before § 255b was added to the Subdivision Control Act in 1978, thereby acquired a vested property right in the land dedicated but not accepted.

This Court declared in *Smith v State Hwy Comm'r*, 227 Mich 280, 283-284; 198 NW 936 (1924), that the Legislature "could not by legislative enactment take property of the individual without compensation . . . ." The Court there considered an act[29] providing that all highways established by time and use "shall be four rods in width . . . ." The property owner insisted that the highway was limited by the ground used and the highway commissioner insisted that it was four

[26] Clause (a), in contrast with clause (b) of § 255b, does not establish a time limit for withdrawal or require that notice of withdrawal be recorded in the office of the register of deeds or a copy forwarded to the state treasurer.

[27] December 22, 1968, through December 21, 1978.

[28] It appears that clause (a) essentially restates the common-law rules regarding acceptance and withdrawal of an offer of dedication in a plat recorded pursuant to statute.

[29] 1881 PA 243, ch 1, § 20; 1915 CL 4307.

rods wide. Counsel for the property owner stressed that "the highway was a highway by user long before the act of 1881 was passed, and insist[ed] that the act is not applicable here." This Court affirmed the decision of the trial court barring the highway commissioner from taking the property without condemnation proceedings.[30]

We conclude that clause (a) means that a withdrawal[31] before acceptance[32] prior to December 22, 1978, rebuts the presumption of acceptance set forth in § 255b(1). So reading clause (a) avoids a construction of § 255b that would divest property rights that became vested before the enactment of § 255b.[33]

Affirmed.

---

[30] Similarly see *Hurd v Ford Motor Co,* 423 Mich 531, 534; 377 NW2d 300 (1985), holding that legislation "effecting a substantive change in the law" would be given prospective application; *Arenac Co Bd of Supervisors v Iosco Co Bd of Supervisors,* 158 Mich 344, 347; 122 NW 629 (1909); *Ramey v Public Service Comm,* 296 Mich 449, 461; 296 NW 323 (1941); *Detroit Trust Co v Detroit,* 269 Mich 81, 84; 256 NW 811 (1934).

[31] The term "withdrawal" in clause (a) means withdrawal in the manner provided by the common law, including use by an adjoining property owner inconsistent with continuation of the offer, recording notice of withdrawal, or commencement of an action against the governing body to vacate the offer of dedication. See n 26.

[32] The term "acceptance" in clause (a) means, in accordance with the common-law rule, acceptance by formal action of the governing body, user, or maintenance as distinguished from the presumption of acceptance provided for in subsection (1) of § 255b.

[33] Clause (a) may also mean that an unaccepted offer of dedication in a plat recorded *before* December 22, 1978, may, after a reasonable time for acceptance has elapsed, be withdrawn at any time, including after December 22, 1978. So construed, clause (b) of § 255b(2) would be applicable only to a plat recorded on or after December 22, 1978, the effective date of the 1978 amendment, and clause (a) would be applicable to all plats recorded before that date.

Alternatively, § 255b may mean that a withdrawal after December 22, 1978, may only be effected by recording and sending notice of withdrawal within ten years after the date the plat was first recorded and before acceptance whether the plat was recorded before or after December 22, 1978.

Our disposition makes it unnecessary to decide, or to intimate any opinion as to how we might decide, which construction is correct.

Brickley, Cavanagh, Archer, and Griffin, JJ., concurred with Levin, J.

Boyle, J. (*concurring in part and dissenting in part*). I concur with the result reached by the majority and the reading of clause (b) of § 255b(2) of the Subdivision Control Act, MCL 560.255b; MSA 26.430(255b), as applicable only to a plat recorded on or after December 22, 1978, the effective date of the 1978 amendment, and clause (a) as applicable to all plats recorded before that date, where the dedication was withdrawn by the plat proprietor before the effective date of this act and before acceptance.

I write because I do not agree with the majority that an owner of property adjoining land that has been dedicated in a plat for public use may withdraw, after a reasonable time has elapsed for acceptance, an unaccepted offer of dedication without recording notice of the withdrawal at any time after December 22, 1978, under clause (a).

The Legislature clearly indicated its intent that by virtue of § 255b(2)(b), after 1978, notice of withdrawal must be recorded within ten years after the date the plat of the land was first recorded and before acceptance in order to be effective. I believe that the very purpose of the amendment was to establish property rights in this type of situation without the involvement of the courts and within a reasonable time period. Thus, I disagree with the majority that a property owner can withdraw a dedication pursuant to clause (a) after 1978.

Riley, C.J., concurred with Boyle, J.